## WILLIAM M. NEWMAN, RESPONDENT, v. JOHN KANE et als. APPELLANTS.

PERISHABLE PROPERTY, WHAT.—The term "perishable property" as used in the statute providing for its speedy sale when seized on attachment (Practice Act, sec. 133) applies only to property which is necessarily subject to immediate decay ; and does not apply to property, like hay, which could with ordinary or reasonable care, appropriate to its particular species, be preserved.

SHERIFF MUST PRESERVE ATTACHED PROPERTY.—When a sheriff attaches personal property he is not allowed, under the statute, to consider the element of expense in its preservation or keeping, but is bound to have it ready to be disposed of according to the judgment, unless compelled to sell on account of its being perishable ; and it is no excuse for a failure to have it so ready that the best interests of the parties were subserved by a sale.

WRONGFUL SALE OF PROPERTY ATTACHED—TIME OF CONVERSION—MEASURE OF DAMAGES.—Where a sheriff, having attached certain hay in the field, had it baled and sold as perishable, and afterwards the person attached recovered judgment and demanded the property : *Held*, that the conversion took place at the time of sale and not at the time of demand and refusal, and that the measure of damages was the market value at the time of sale with interest therefrom.

APPEAL from the District Court of the Seventh Judicial District, Lincoln County.

This was an action against John Kane, sheriff of Lincoln County, and the sureties on his official bond, to recover two thousand dollars as the value of fifty tons of hay alleged to have been converted by the sheriff.    The case was tried before a jury, which returned a verdict in favor of plaintiff for fifteen hundred dollars, and judgment was rendered accordingly.    Defendants' motion for a new trial having been overruled, they appealed from the judgment and order.

*Thornton, Kelly* and *A. B. Hunt,* for Appellants.

I.    The hay, like other fruits of the soil, was perishable, both as matter of fact and matter of law, and under section 133 of the Practice Act, it was a matter of discretion with the sheriff to sell it.    The court should have stated to the jury, that the hay being perishable, the sole question for their consideration was the diligence and good faith of its officer.    *Crocker* v. *Baker,* 18 Pick. 410.

II.    The rule of damages laid down by the court below was erroneous, in any view of the case, whether the action be trespass or trover.    The actual sale and conversion fixed the date at which the value should be fixed.    *Page* v. *Towle,* 39 Cal. 421; *Boylan* v. *Huguet,* 8 Nev. 345.

*Pitzer & Corson, Bishop & Sabin* and *J. C. Foster,* for Respondent.

I.    The statute imposes upon the sheriff the duty of keeping the property attached and taken into his possession until the termination of the attachment suit.    Hence the plaintiff had no right to the hay or to call for its return until the attachment suit was terminated.    That suit having been decided in his favor, his right to the property, or its value, was determined.    There was no violation of duty on the part of the sheriff, until a failure to return the property on demand,

or notice of the result of attachment suit. The conversion, therefore, was upon the demand and refusal to deliver. It was then that plaintiff's right of action accrued. *Boylan* v. *Huguet,* 8 Nev. 345.

II. Whenever there is such a tortious taking or wrongful use of property as will give an immediate right of action to the party injured, then the value of the property at the time of the conversion, with interest, is the measure of the damages; but there can be no such rule in a case of conversion at one time with a suspension of the right of action for months or years after. In other words, there can be no conversion as to a party until he either has possession of, or is entitled to the immediate possession of, the property alleged to be converted. 10 Cal. 392.

III. If the value of the hay at the time of sale should have governed the jury in the assessment of damages, the judgment can be modified, or plaintiff allowed to remit, and the case need not be sent back for a new trial. When, as in this case, the court has all the facts before it upon which it can render the proper judgment, it will not impose upon the parties the expense of a new trial.

By the Court, WHITMAN, C. J. :

Respondent's hay, in the field, was attached in a suit ultimately decided in his favor. Pending such decision, the sheriff baled and sold such hay for the sum of twelve hundred and seventy-five dollars; or twenty-five dollars per ton. In this action, respondent claiming such course to be unlawful, seeks to recover the market value of the hay at the date of his demand upon the officer, which was made after the determination of the original suit, and some months subsequent to the sale. The jury were instructed if they found for the respondent, to find such price, deducting therefrom

five dollars per ton as the expense of baling, provided under the evidence they deemed such work necessary to preserve the hay.   The appellants insist that it is for the sheriff to decide, under the statute, what property shall be sold as perishable; and that property which will deteriorate in value, or which is expensive or difficult to preserve, comes within the proper and received definition of the word "perishable."   The court sustained the opposite view, and instructed the jury that the sale could not be justified, unless it plainly appeared that the property sold was perishable, and could not be preserved by any reasonable care.   Upon this theory, certain evidence offered by appellants was rejected, and other action had, which was error, if the general position be untenable.   In ascertaining that point, all other objections are involved, and it would be useless to discuss them particularly.

What is, or is not, perishable property, is a question which has been answered with considerable latitude; and generally, whether by express statutory provision or judicial interpretation, the elements of cost in preserving or danger of waste or deterioration in keeping have weighed in favor of sale.   Thus in Alabama, a statute permitting a sale, prior to judgment, of property, "clearly of a wasting and perishable nature," or which would "be likely to waste or be destroyed by keeping," was held to allow the sale of slaves attached.   *Millard's Adm'rs.* v. *Hall*, 24 Ala. 209.   In most of the states of this Union, however, the statutes are either more liberal in language or more properly susceptible of a latitudinarian construction, than in this.   The statute of Nevada provides: "If any of the property attached be perishable, the sheriff shall sell the same in the manner in which such property is sold on execution."   Such property is sold on execution "by posting written notice of the time and place of sale in three public places of the township or city where the sale is to take place, for such a time as may

be reasonable, considering the character and condition of the property." This language is used undoubtedly to cut off all construction, and evidently confines the right to sell to such property as is necessarily subject to immediate decay; else the large authority to the sheriff as to time of notice would never have been given: that attaches to property about which there is no time to deliberate, no occasion to ask an opinion, or order; no opportunity to pursue the usual forms. It was not intended to apply to such property as could with ordinary or reasonable care appropriate to the particular species be preserved; nor is the officer under the statute allowed to consider the element of expense in preservation or proper keeping; it is his duty to have the attached property ready on execution or on demand of defendant if he has recovered in the action; unless compelled to sell because perishable; and it is no excuse for failure in this regard, to claim or show, if such showing were possible or permitted, that the best interest of the parties was subserved by a sale. Of that the officer has no authority to judge; if he can, as before stated, keep the property, he must do so.

It might probably, frequently does, happen that the expense of feeding or otherwise keeping or properly caring for live stock under attachment, is more than its value; and so with goods of divers kinds and many varieties of personal property; but the section under which the sheriff acted has made no provision for sale in any such case. If in any such, relief is desired, it can be had upon proper showing, under section 595 of the Practice Act. Here, perhaps, the respondent was benefited by the sale of his hay; nevertheless the officer was acting wrongfully in selling it, provided he could with ordinary and reasonable care under the surrounding circumstances have preserved it. The jury have found that he could have so done; they have also found that for its preservation baling was necessary. The only ques-

n that now remains is, what damages for this wrong the respondent should recover in compensation. He insists that he had no right of suit until judgment in his favor; consequently there was no conversion as to him until his demand and refusal of the sheriff; and that his damages should be the value of the hay at that date, with interest therefrom. If he were right in his premises, he might be sound in his conclusion; but the conversion was actual at the time of the sale; and that must override the constructive wrong arising from demand and refusal. Of course, he had no immediate right of possession in the property under the sheriff's keeping until the lien of the attachment was raised; but the gist of his action is upon the assumption that the attached property was wrongfully sold and ceased to have an existence in the action; then it would follow, that as the general owner of the property, though temporarily deprived of its possession by the lien of the attachment, he had a right to immediate decision as to his damages; though the payment thereof to him might be dependent on the result of the original suit. *Briggs* v. *Taylor*, 35 Vt. 57. So the damages in this case should have been measured at the market value of the hay at date of sale, with interest on the amount therefrom; for then occurred the conversion. *Boylan* v. *Huguet*, 8 Nev. 345.

This, by the evidence, appears to have been twenty-five dollars per ton, or as stated in gross in the answer, twelve hundred and seventy-five dollars ; deducting therefrom the price of baling, which the jury find as a necessary expense to the preservation of the hay and proven to have been five dollars per ton, and amounting to two hundred and fifty-five dollars, there remains the sum of one thousand and twenty dollars, which the respondent should have recovered in this action, together with interest on such sum from the date of conversion. As the respondent is willing to have the judgment modified without reference to this question of interest,

which does not seem to have been considered at the trial, provided it be proper to modify the judgment in any respect, it would be futile to order the case re-tried.

Let the principal judgment then be modified by deducting therefrom such sum as will reduce it to one thousand and twenty dollars, and let that amount stand *nunc pro tunc·* as the original judgment. The district court will make the necessary orders to carry out the judgment of this Court.

The respondent will pay costs of this appeal.