PROVOSTY, J.
Plaintiffs enjoined defendant from disposing of certain notes. On rule the injunction was dissolved. Plaintiffs appealed and the court fixed the bond at $100.
Four days later the main suit was tried on exception of no cause of action, and from a judgment sustaining the exception plaintiff obtained an order for a suspensive appeal. The order, however, did not fix the amount of the bond, but directed that the bond be furnished “in the sum provided by law.”
Plaintiffs furnished one bond in the sum of $6,000, which recites that it is given for the two appeals.
Defendant moves to dismiss the first appeal on the ground that no bond has been given. The motion is obviously untenable, and in fact has been abandoned.
Defendant moves to dismiss the second appeal on the ground that the ¿mount of the bond was not fixed by the judge, as required by law, and that no legal bond has been given.
The motion must be sustained. There cannot be. a devolutive appeal unless the amount of the bond is fixed by the judge. Pelletier v. State National Bank, 112 La. 564, 36 South. 592 and there are cases where the bond for suspensive appeal must necessarily be fixed in like manner. They are the cases where, because of the peculiar nature of the judgment, article 575, Code of Practice, fixing the suspensive appeal bond at one-half over and above the amount of the judgment, is inapplicable. And such is the case where the judgment simply dismisses the suit of plaintiff. In such cases the requirement that the judge fix the amount of the bond is as imperative for the suspensive as for the devolutive appeal. The bond must “necessarily be fixed by the judge.” Succession of Parker, 18 La. Ann. 644; State ex rel. v. Judge, 21 La. Ann. 741; State ex rel. Cain v. Judge, 20 La. Ann. 574; State ex rel. v. Judge, 22 La. Ann. 115. Where an injunction is dissolved without damages the suspensive appeal bond is for costs only, and must be fixed by the judge. Hart v. Lazarus, 34 La. Ann. 1210; State ex rel. Cain v. King, 40 La. Ann. 843, 6 South. 108.
The argument that the bond fixed for the first appeal can serve for the second, because it is for the costs, and the costs were in *964 creased but by a trifling amount after tbe first appeal, does not take into consideration tbe fact that tbe two appeals are separate, and that the requirements of the Code of Practice are imperative. The question is not as to whether the bond is or is not sufficient, but as to whether a bond has been given in an amount fixed by the judge.
The motion to dismiss is overruled in so far as the appeal of the 9th of October, 1905, is concerned, and is sustained in so far as the appeal granted on the 13th of October, 1905, is concerned, and the latter appeal is dismissed, at the cost of appellant.