For reasons assigned, the judgment is amended as above, and, as amended, it is affirmed.

---

(55 South. 21.)

No. 18,117.

GOTTLIEB–KNOX–AMISS INS. AGENCY, Limited, et al. v. HENRY COHN, JR., CO., Limited et al.

In re KAHN.

(May 23, 1910.  On the Merits April 24, 1911.)

(Syllabus by the Court.)

On Motion to Dismiss Appeal.

1. APPEAL AND ERROR (§ 382*)—BONDS—SUSPENSIVE APPEAL BOND.

In cases where article 575, C. P., fixing the amount of the suspensive appeal bond at one-half over and above the amount of the judgment, is inapplicable, the amount of the bond for suspensive appeal must be fixed by the judge; otherwise such appeal will be dismissed for want of a bond.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 382.*]

(Additional Syllabus by Editorial Staff.)

On the Merits.

2. EVIDENCE (§ 368*)—PRODUCTION—COMPELLING PRODUCTION OF BOOKS—DISOBEDIENCE OF SUBPŒNA DUCES TECUM—EFFECT.

Code Prac. art. 140, empowers the court, at the request of a party, to require the other party to bring into court books in his possession which are material in the cause, provided the party requesting their production declares in writing and on oath what are the facts he intends to establish by such books, and that on refusal of the party to comply with the order the facts stated and sworn to shall be considered as confessed, in the absence of a satisfactory showing of the impossibility of producing the books. Held, that nothing can be taken for confessed upon failure to respond to such a subpœna, except the facts specifically stated in the motion or petition therefor; and, where no facts were stated in the subpœna or in the motion asking for its issuance, a judgment founded solely upon the taking of the subpœna for confessed was rendered without evidence.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 368.*]

3. RECEIVERS (§ 201*)—ACCOUNT—SUFFICIENCY.

An account of a receiver of a mercantile company, showing the total of each day's sales of goods by the receiver authorized by the court to sell the goods at not less than their inventory value, was not insufficient for failing to show the identity of the goods sold, or the price at which sold; such information being contained in the books; and there being no suggestion that the books were not properly kept, or that they would not furnish the information.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 402; Dec. Dig. § 201.*]

4. RECEIVERS (§ 199*)—ACCOUNTS—GROUNDS OF OPPOSITION.

That the account of the receiver of a mercantile company allows compensation to the receiver for carrying on the business is no ground for requiring another account to be filed.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 199.*]

5. RECEIVERS (§ 201*)—ACCOUNTS—GROUNDS OF OPPOSITION.

An account of a receiver of a mercantile company, giving the amount of each separate payment in the expense account, to whom and for what made, and its date, is sufficiently definite and particular.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 402; Dec. Dig. § 201.*]

6. RECEIVERS (§ 202*)—ACCOUNTS—GROUNDS OF OPPOSITION.

An objection to the account of a receiver of a mercantile company that the receiver had no authority to conduct a going business, instead of at once winding up the affairs of the company, and an objection to the commission allowed the sheriff in the account, constitute no grounds for requiring a new account to be filed, as such new account could not possibly show anything new in that connection.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 202.*]

7. RECEIVERS (§ 202*)—ACCOUNTS—GROUNDS OF OPPOSITION.

Objections to the account filed that, though the receiver took credit therein for an amount paid for the produce tax on certain cotton, she did not account for any cotton, where the account was silent as to any cotton to be accounted for; that the receiver took credit for insurance premiums claimed to have been paid; that the books of the company showed that the receiver was indebted to it in a certain sum and showed another debt to the company, and that the final account should not be homologated until such debts should have been collected, or every effort made to collect them; that an allowance to an attorney of the receiver was excessive, and that the receiver's commission should not be paid, because the receiver was herself indebted to the receivership—are not valid grounds for requiring another account, but sim-

ply reasons why the account already filed should not be approved.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 202.*]

8. RECEIVERS (§ 202*) — ACCOUNTS — OBJECTIONS.

A ground of opposition to a receiver's account, that "Your opponents oppose each and every item on said account and the homologation thereof for the reason that the same are not clearly and intelligently stated, showing fully what they represent," is a mere general allegation, not pointing out the respect in which the account is not clear and intelligible, and is insufficient.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 202.*]

Appeal from Twenty-First Judicial District Court, Parish of West Baton Rouge; L. B. Claiborne, Judge.

Final accounting of Mrs. Mathilde Kahn, receiver of the Henry Cohn, Jr., Company, Limited, to which Gottlieb-Knox-Amiss Insurance Agency, Limited, and others filed opposition. From a judgment on the opposition, rejecting the receiver's account, she appeals. Reversed and remanded.

Albin Provosty, for appellant. Francis J. Whitehead, Albert L. Grace, and Benj. B. Taylor, for appellees.

## On Motion to Dismiss Appeal.

MONROE, J. Mrs. Mathilde Kahn was appointed receiver of the defendant corporation, and in due time, filed her final account, which was opposed by J. F. Budd Shoe Company. On January 17, 1910, there was judgment on said opposition, decreeing that the account so filed "be rejected and set aside, and that * * * the said receiver be ordered to file, * * * within thirty days, * * * a full, complete, and detailed account of her gestion from Sept. 14, 1908, the date of her appointment * * * to date." On motion of the receiver, through her counsel, an order of appeal from the judgment so rendered was granted, reading, in part, as follows:

"It is ordered that the accountant, Mrs. Mathilde Kahn, be granted an appeal from the judgment rendered herein, in the alternative, suspensive and devolutive, * * * upon the said accountant * * * furnishing bond, with good and solvent security, conditioned according to law, in the sum of $200, for a devolutive appeal, and according to law, for a suspensive appeal."

The appellant having given bond in the sum of $200 and having lodged the appeal in this court, the appellee moves to dismiss "the suspensive appeal," on the grounds that the bond given is not sufficient to sustain it, and that there has been no order fixing the amount of the bond for a suspensive appeal. The motion must be sustained:

"In cases where article 575, C. P., fixing the amount of the suspensive appeal bond at onehalf over and above the amount of the judgment, is inapplicable, * * * the amount of the bond for suspensive appeal must be fixed by the judge, as would have to be done if the appeal were devolutive; and, where it is not done, the appeal must be dismissed for want of a bond."

Day v. Bailey (syllabus) 116 La. 961, 41 South. 223.

It is therefore ordered, adjudged, and decreed that the appeal herein, in so far as it is supposed to operate suspensively, be dismissed.

## On the Merits.

PROVOSTY, J. The judgment appealed from herein reads as follows:

"The opposition of J. F. Budd Shoe Company et al. to the homologation of the final account of Mrs. Mathilde Kahn, receiver, herein, being taken up regularly according to assignment, the said receiver having failed to produce all the books, papers, and documents, or any of them, in response to an order of this honorable court of date November 29, 1909, directing that a writ of subpœna duces tecum issue to her, the said writ having issued regularly and the said Mrs. Mathilde Kahn, receiver, having failed to answer to same, the law and the evidence being in favor thereof, it is ordered, adjudged, and decreed that the account filed herein by the said Mrs. Mathilde Kahn, receiver, on the 4th day of September, 1909, be rejected and set aside, and that she, the said Mrs. Mathilde Kahn, receiver, be and she is hereby ordered to file in this honorable court, within 30 days from the date hereof, a full, complete, and detailed account of her gestion from the 14th day of September, A. D. 1908, the date of her appointment herein, to date.

"Thus done and signed in open court in the parish of West Baton Rouge, state of Louisiana, on this 17th day of January, A. D. 1910.

The subpœna duces tecum, upon the taking of which for confessed this judgment is thus founded, reads, as follows:

"Now into court comes Francis J. Whitehead, attorney for opposers, J. F. Budd Shoe Company, Limited, et al., and, suggesting to the court that the books, papers, and documents prior to and after the institution of receivership proceedings of the H. Cohn, Jr., Company, Limited, are in the possession of Mrs. Mathilde Kahn, receiver, and that she be ordered to produce them in open court at the trial of this case: that said books, etc., are necessary and material to the interest of opposers, who expect to show and prove all the allegations of their opposition by them.

"Francis J. Whitehead,
"Attorney for Opposers.
"Sworn to and subscribed before me this 27th day of November, 1909.
"[Signed]                           Alfred Gwin,
"[Seal.]                              Clerk of Court."

"Order.

"It is ordered by the court that a writ of subpœna duces tecum do issue herein, commanding Mrs. Mathilde Kahn, receiver of the H. Cohn, Jr., Company, Limited, to produce in open court, on the 2d day of December, 1909, at 10 o'clock in the morning, or on any other day on which this cause may be continued, all the books, papers, and documents of the H. Cohn, Jr., Company, Limited, both prior to and after the institution of receivership proceedings.

"Thus done and signed in chambers this 29th day of the month of November, 1909.
"[Signed]                           L. B. Claiborne,
"Judge Twenty-First Judicial District."

Page 147 of transcript:

"The State of Louisiana to Mrs. Mathilde Kahn—Greeting:

"You are hereby commanded, in the name of the state of Louisiana and of the Twenty-first judicial district court for the parish of West Baton Rouge, to produce in open court, on the 2d day of December, 1909, at 10 o'clock, or on any other day to which this case may be continued, the following, to wit:

"The books, papers, and documents, prior to and after the institution of receivership proceedings, of the H. Cohn, Jr., Company, Limited.

"And herein fail not under the penalty of the law.

"Witness the Honorables L. B. Claiborne and C. K. Schwing, judges of our said court, this 30th day of November, in the year of our Lord one thousand nine hundred and nine.
"[Signed]                           Alfred Gwin,
"[Seal.]                              Clerk of Court."

"Returns.

"Mrs. Mathilde Kahn,
"1928 Marengo Street.
"Received Wednesday, December 1, 1909. And on the 1st day of December, 1909, I served a copy of the within subpœna duces tecum on Mrs. Mathilde Kahn, herein named, in person.
"Returned same day.
"Sheriff's fees.
"[Signed]                           E. A. Drouet,
"Deputy Sheriff of Orleans Parish."

The case was not tried on December 2d, the day fixed in the subpœna duces tecum for the books to be produced in court, but was reassigned for another day, and on that day was again reassigned. When, on the trial, the documents hereinabove transcribed, namely, the motion and order for subpœna duces tecum and the subpœna and the sheriff's return thereon, were sought to be offered in evidence, the receiver objected on the following grounds:

"Counsel for accountant objects to the introduction in evidence, or to the consideration by the court, of the motion filed on November 30, 1909, by J. F. Budd Shoe Company, Limited, and others, calling for the production of books, papers, and documents, on the ground that, in said motion, the books, papers, and documents, production of which is sought to be had, are not described with the particularity which the law requires; further, on the ground that, in said motion, it is not stated in writing what are the facts which mover intends to establish by such books, papers, and documents; on the further ground that the facts expected to be established by the books, papers, and documents sought to be had to be produced are not sworn to as required by law; on the further ground that the order of said motion fixes December 2, 1909, at 10 o'clock a. m., as the day and the time for the production of said books, papers, and documents, and that said motion was not served on Mrs. Mathilde Kahn, receiver, until the 1st day of December, 1909, in the city of New Orleans, and that it would have been a physical impossibility for her to produce said books on the next day at Port Allen, in the parish of West Baton Rouge; and on the further ground that the order for the production of said books was addressed to Mrs. Mathilde Kahn, individually, and not in her capacity as receiver; that at the time of service of the said motion the said Mrs. Kahn, receiver, was out of the parish; that trial of the oppositions was not taken up on the 2d day of December, 1909, as fixed in said order; that for this reason trial continued for another date, and then again continued to a subsequent date; that the order on said motion did not direct

accountant to leave said books and papers in custody of the court, but directed her to produce same on December 2, 1909, at 10 o'clock a. m., or to any other day on which this case may be continued.

"Accountant further excepts to the order of the court permitting or directing plaintiffs in opposition to write up a judgment pro confesso for the facts alleged in the motion for the production of the books, or in accordance with the prayer of the petitions in opposition."

This objection was overruled, and the judgment hereinabove transcribed and now appealed from was then and there rendered, without any further evidence being offered, or further trial.

[2] Of the several points presented and argued in the case, only one need be considered. It is that no facts having been stated in the subpœna duces tecum, or in the motion asking for the issuance of same, none could be taken for confessed, and that therefore the judgment, founded as it is solely and exclusively upon the taking of the subpœna for confessed, was rendered without any evidence in support of it.

The provisions of the Code of Practice, under which a subpœna duces tecum may be issued, are as follows:

"Art. 140. Courts may also, at the request of one of the parties decree that the other party bring into court, the books, papers, and other documents which are in his possession, and which are material in the cause, provided the party requesting their production declares in writing and on oath, what are the facts he intends to establish by such books, papers or other documents; and on the refusal of the party thus called upon to comply with the order of the court, the facts stated and sworn to shall be considered as having been confessed, unless satisfactory evidence be shown of the impossibility of producing such documents."

"Art. 473. If one of the parties wish to obtain books, papers, or other documents in the possession of the adverse party, the court shall order, on motion applying for the same, that such books, papers, or documents be brought into court and produced on the day fixed for the trial of the cause. The order must describe such books, papers, or documents."

In Mills v. Fellows, 30 La. Ann. 827, this court said, with reference to these articles:

"Plaintiff's allegation of facts to be proven by the books was too vague to be entered up as providing anything. If plaintiff alleged no facts with sufficient certainty to serve as proven, then the order could do defendant no harm. The other averment that they would prove 'the entire allegations of the petition' is too general.

"By Article 140 of the Code of Practice the party in such a case must 'declare in writing, and under oath, what are the facts he intends to establish by such books,' etc. In analogous cases, such as are provided for in articles 466 and 561 of the Code of Practice, the courts uniformly hold that the affidavit must be specific as to the facts. This swearing by reference to voluminous records, and, as it were by wholesale, is inadmissible."

In Murison v. Butler, 18 La. Ann. 203, this court said:

"Article 140 of the Code of Practice declares that: 'Courts may, at the request of one of the parties, decree that the other party bring into court the books, papers, and other documents which are in his possession, and which are material in the cause; provided, the party requesting their production declares in writing, and under oath, what are the facts he intends to establish by such books, papers, or other documents; and, on the refusal of the party thus called upon to comply with the order of the court, the facts stated and sworn to shall be considered as having been confessed, until satisfactory evidence be shown of the impossibility of producing such document.'

"Article 473 of the same Code directs that the day fixed for a trial of a suit shall be the day that the judge shall fix in his order for the production in court of books, papers, or other documents that are in possession of parties to a suit.

"This article is restrictive of the first-named article, and the court was not vested with authority to order, as it did, defendant to produce the books and papers at the motion of plaintiff on a day different from that which the court had fixed for the trial of the suit; and, consequently, it had no right to decree that the facts stated in the affidavit of plaintiffs to obtain the order should be taken as confessed on defendant's noncompliance with the order."

In Columbia & Co. v. Purcell, 25 La. Ann. 284, this court said:

"The penalty for not producing books and papers in obedience to a subpœna duces tecum is not imprisonment; the consequence of the disobedience is that the party who has obtained the subpœna has a right to ask that the facts which he states in his affidavit for the subpœna may be taken as proved."

Excerpts from the decisions of this court to the same effect might be multiplied. There can be no question that nothing can be taken for confessed for failure to respond to such

a subpœna, except the facts specifically stated in the motion or petition wherein the subpœna is applied for. The conclusion is therefore inevitable in the present case that the judgment has been rendered without evidence and must be set aside.

In support of the judgment, it is argued that the account itself, taken in connection with the record in the receivership proceedings, afforded sufficient grounds for ordering another account to be filed.

The judgment appealed from does not appear to have been based upon that consideration, but distinctly upon the taking for confessed of the allegations of fact of the petitions of opposition. However, there would be no reason for setting it aside, if justified by all the circumstances of the case.

We have therefore to examine the grounds of the opposition.

The first was that this final account, instead of beginning at the inception of the receivership, began where the preceding account had left off, or at the date up to which the preceding account had come. Suffice it to say, in answer to this, that the preceding account appears to have been a complete and satisfactory account up to the date to which it came. Oppositions were filed to it, but were voluntarily withdrawn, and it was duly approved and homologated.

[3] The next ground of opposition is that the account is incomplete, and does not furnish the creditors the information necessary for protecting their interest, because, while the receiver was only authorized to sell the goods, wares, and merchandise of the receivership at not less than their inventoried value, the account does not show the identity of the goods sold, nor the price at which sold, and there is nothing to show whether the receiver has conducted the business in pursuance of said authority.

The information which it is here complained the account does not furnish is contained

128 La.—23

in the books. No suggestion is made that the books were not properly kept, or that they would not furnish this information. The account, of course, could not be a literal copy of the books. It does show the total of each day's sales. More than this, we think, could not be required.

[4] The next ground of opposition is a denial of the right of the receiver to allow herself compensation for carrying on the business of the company. This is no ground for requiring another account to be filed. On any other account that might be filed, the receiver would, as a matter of course, make this same allowance of compensation, until her right to such compensation had been passed on and denied by the court.

[5] The next ground of opposition is that the items of the expense account are not set forth with sufficient definiteness and particularity.

The account gives the amount of each separate payment, to whom and for what made, and its date. What greater definiteness and particularity than this could be required, we cannot imagine.

[6] The next ground has reference to the want of authority to conduct a going business, instead of at once winding up the affairs of the company. This, again, is no ground for requiring a new account to be filed. A new account could not possibly show anything new in that connection.

The next ground is that, during the two weeks elapsing between the date of the appointment of the receiver and her qualification as such, the business of the company went on, but that no account has ever been rendered covering that space of time.

The receiver has accounted as from the day of her qualification. There is absolutely nothing in the record to show that she had any previous connection with the business, or that any business whatever was done previous to her qualification.

The next ground of opposition is to the commission allowed the sheriff. Here, again, a new account would bring no change.

[7] The next ground of opposition is that, although the receiver takes credit in the account for the amount paid for the produce tax on 182 bales of cotton and $68 in another item, which would represent the produce tax on 272 bales additional, she does not account for any cotton.

We fail to find where in the account the receiver takes credit for more than $63.50 of produce tax paid by her. But, even if it were otherwise, before the receiver could be made to file another account for the purpose of accounting for cotton, it should appear that there was some cotton for which an account should be rendered. The silence of the account with regard to any cotton to be accounted for is equivalent to an assertion that there was none to be accounted for. Non constat that a new account, if filed, would contain any allusion to cotton, or that anything more could be said with reference to cotton than that there was none to be accounted for.

The next ground of opposition is to a credit which the receiver allows herself for insurance premiums which she claims to have paid.

The next is to the effect that the books of the company show that the receiver herself is indebted to it in the sum of $8,943.92, and that the estate of the late Henry Cohn is indebted to the company in the sum of $3,-469.51, and that the final account of the receiver should not be homologated, or she discharged from her trust, until said debts should have been collected or every effort made to collect them.

The next ground of opposition relates to a fee of $250, allowed the attorney of the receiver, which is said to be excessive.

The next is to the commission of the receiver, which it is said should not be paid,

because the receiver is herself indebted to the receivership.

The last ground is stated as follows:

[8] "Your opponents oppose each and every item on said account and the homologation thereof for the reason that the same are not clearly and intelligently stated, showing fully what they represent."

These last five grounds of opposition, except the last, do not set forth reasons why another account should be filed, but simply why the account already filed should not be approved. The last ground is a mere general allegation signifying nothing. It does not point out the respects in which the account is found not to be clear and intelligible. For our part we have found the account to be very clearly stated, as far as it goes.

The judgment appealed from is set aside, and the case is remanded to be proceeded with according to law. The opponents to pay the costs of appeal.

SOMMERVILLE, J., takes no part herein.