OYERTON, J.
 

 This is an appeal from a judgment, decreeing plaintiff to be the owner of a six year old chestnut gelding, named “Kadiak,” ordering that she be sent into possession of the horse, and sustaining a writ of sequestration by which the horse was sequestered at the incipiency of the suit.
 

 Plaintiff has moved to dismiss the appeal on the ground, substantially, that only a suspensive appeal was moved for and granted, and that the appeal, moved for, was granted,
 
 *764
 
 not upon furnishing bond, in an amount, fixed by the trial judge, but upon furnishing bond “according to law.”
 

 The appellant furnished an appeal bond in the sum of $7,500. This bond is one-half over the value of the horse as that value is alleged in plaintiff’s petition, and as it is fixed in a forthcoming bond, executed by appellant, and approved by counsel for appellee, furnished to release the horse from seizure, under the sequestration.
 

 Where the judgment is for a specific sum of money, the party cast may appeal from it suspensively by furnishing bond in an amount exceeding by one-half the amount for which the judgment was given, provided the bond be given within the time prescribed by law. Code of Practice, art. 575. This is the only instance in which the judge is not called upon to fix, in a specific sum, the amount of the bond for a suspensive appeal, and he is relieved of that duty in such instance, because the basic fact for determining the amount of the bond, by the application of the law to that fact, is already fixed by the judgment itself, namely, by the specific sum for which the judgment was given. In no other instance is such the -case.
 

 Thus, it is said in Succession of Hardesty, 29 La. Ann. 289: “This appeal is taken from a judgment homologating the final account of an executor. The judgment does not condemn appellants to pay any sum, and this is one of the classes of cases in which the judge can and should fix the amount of the appeal bond.” And, in Layman v. Succession of Woulfe, 136 La. 767, 67 So. 823, 824, in passing upon the dismissal of a suspensive appeal in the lower court, it was said: “The appeal was properly dismissed, because the amount of the bond for a supersedeas was not fixed by the judge, and the law fixes the amount only where the judgment is for a sum of money.” In Ruppert v. Fontenot, 138 La. 375, 70 So. 331, it was said: “The law fixes the amount of bonds where suspensive appeals are taken at ‘a sum exceeding by one-half the amount for which the judgment was given, if the same be for a specific sum;’ but, where there is no judgment for a specific sum, as in this case, the law does not fix the amount of the bond, and it is the duty of the judge to fix it.” In Braun v. Veillon, 166 La. 564, 117 So. 719, 720, it was said: “The law fixes the amount of the bond for a suspensive appeal only where the judgment is for a sum of money.” To the same effect may be cited Beaird v. Russ, 32 La. Ann. 304; Day v. Bailey, 116 La. 961, 41 So. 223; Gottlieb-Knox-Amiss Ins. Agency v. Henry Cohn, Jr., Co., 128 La. 697, 55 So. 21.
 

 However, appellant urges that the bond and the order therefor complies with article 576 of the Code of Practice, which reads:
 

 “If the judgment decree the delivery of some movable of a perishable nature, the court shall require security to an amount exceeding by one-half the estimated value of such movable.”
 

 In oúr view a race horse is not, within the meaning of this article, a movable of a perishable nature, although, like all living things, it must eventually perish. Property of a perishable nature, within the meaning of the article, is that class of property which may be expected to decay or be destroyed, or to greatly depreciate, by natural, process, such being its nature, pending the time ordinarily required for the appeal. Cf. Webster v. Peck, 31 Conn. 495, 498; Newman v. Kane, 9 Nev. 234, 237; Jolley v. Hardeman, 111 Ga. 749, 36 S. E. 952, 953.
 

 We moreover think that even were article 576 deemed applicable, the judge nev
 
 *766
 
 ertheless was required to fix the amount of the bond in a specific sum, on the basis of one-half over the estimated value of the movable, which estimated value he was required to determine by the exercise of his judgment on the evidence before him in arriving at the ultimate fact to be determined by him, namely, the amount of the bond he was required to exact under the law.
 

 Not only does the judgment not condemn appellant to pay a specific sum, therefore rendering article 575 of the Code of Practice, as to the amount of the bond, inapplicable, but the horse in contest is not a movable of a perishable nature, therefore rendering article 576 of the Code of Practice inapplicable, and even if it were deemed applicable, nevertheless the bond was not fixed by the judge, as contemplated by the article. The judge, in granting the appeal, should have fixed the bond, as required by article 574 of the Code of Practice.
 

 The appeal is not saved from dismissal by section 1907 of the Revised Statutes, relating to defects, errors, or irregularities in the order of appeal, for the defect here, in its nature, is fundamental — so much so that it is impossible to give a valid bond, and therefore impossible to perfect the appeal, under the order of appeal. Such, by implication, was held to be the case in Day v. Bailey, 116 La. 961, 41 So. 223; GottliebKnox-Amiss Ins. Agency v. Henry Cohn, Jr., Co., 128 La. 697, 55 So. 21; and Braun v. Veillon, 166 La. 564, 117 So. 719, where the appeals, notwithstanding section 1907 of the Revised Statutes, were dismissed. Nor is the appeal saved by Act No. 112 of 1916, relating to the correction of errors in judicial bonds. The error here is in the order of appeal. Rozan v. Villere, 147 La. 746, 85 So. 899; Pan-American Bank & Trust Co. v. Ransom, 150 La. 142, 90 So. 548.
 

 The appeal, taken herein, is dismissed, reserving to appellant such rights as he may have to take and perfect a devolutive appeal from the judgment complained of, appellant to pay the costs of this appeal.
 

 O’NIELL, C. J., and BRUNOT, J., dissent, and O’NIELL, C. J., hands down reasons.