PER CURIAM.
By this suit the plaintiff-appellant claims ownership of certain property possessed by the late Tesca Roy, Jr.’s widow, who is also the administratrix of his succession. (By an opposition filed in the succession proceeding, the plaintiff also challenges the right of the defendant-executor to dispose of such property in order to satisfy debts of the succession.) After a hearing on the merits, the trial judge dismissed the plaintiff’s suit, signing a judgment to such effect on October 31, 1960.
The minutes of the court on November 10, 1960 recite:
“On motion of plaintiff, Tesca R. Roy, Sr., through counsel, devolutive and suspensive appeals are granted in these two cases made returnable to the Court of Appeal, Third Circuit, Lake Charles, Louisiana, on January 3, 1962, upon his furnishing bond in the sum of $250.00 for the devolutive appeal, and upon his furnishing bond for the sus-pensive appeal according to law." (Italics ours.)
The appellant filed an appeal bond in the sum of $250.00 on November 14, 1961.
On January 19, 1962, the appellee filed in this court a motion tó dismiss the sus-pensive appeal because the Code of Civil Procedure requires that the trial judge fix the specific amount of security to be furnished in all suspensive appeals (except those from a monied judgment or a distribution of funds in the custody of the court) in a sum sufficient, inter alia, to assure the satisfaction of any damages resulting from the suspension of the execution of the judgment. See LSA-C.C.P. art. 2124, quoted below.
The appellee contends that the failure of the trial judge to fix any bond for the *419 present suspensive appeal entitles her to have the appeal dismissed insofar as sus-pensive. In her motion to dismiss she alleges that “the suspensive appeal keeps in full force and effect a notice of lis pen-dens filed in connection with the said cause which prevents mover from being able to dispose of immovable property belonging to the Succession of Tesca R. Roy, Jr., having an appraised value in excess of Thirty Thousand Dollars.”
Under the old Code of Practice Article 575, the amount of security for a suspensive appeal from a judgment granting a specific sum of money was fixed by law at one and one-half times the amount of the judgment, plus interest. But in all other instances the trial judge was required to fix the specific amount of bond to be furnished for a suspensive appeal. His failure to do so within the statutory delay required the dismissal of the appeal insofar as suspensive. Watson v. Schmidt, 172 La. 761, 135 So. 232; Gottlieb-Knox-Amiss Agency v. Henry Cohn, Jr., Co., 128 La. 697, 55 So. 21; Day v. Bailey, 116 La. 961, 41 So. 223; Succession of Vezoux, Orleans, 9 La.App. 565, 119 So. 442.
Similarly to the present instance, in the cited decisions the trial judge fixed the amount of the suspensive appeal bond “according to law” or “in the sum provided by law”. Since the Code of Practice did not by law provide for the amount of the bond required for suspensive appeals from judgments of the nature involved, these decisions held that an order fixing the bond “according to law” did not fix the specific amount of the bond as mandatorily required by statute, so the.appeals were therefore dismissed insofar as suspensive because no valid bond was filed as statutorily required in order to suspend the execution of the judgment. See also Ruppert v. Fontenot, 138 La. 375, 70 So. 331.
Article 2124 of the new LSA-Code of Civil Procedure did not change the prior law on the subject. The article pertinently provides:
“ * * * The security to be furnished for a suspensive appeal is to be determined in accordance with the following rules:
“(1) When the judgment is for a sum of money, the amount of the security shall exceed by one-half the amount of the judgment, including interest allowed by the judgment to the date the security is furnished, exclusive of costs;
“(2) When the judgment distributes a fund in custodia legis, only security sufficient to secure the payment of costs is required; and
“(3) In all other cases, the security shall be fixed by the trial court at an amount sufficient to assure the satisfaction of the judgment, together with damages for the delay resulting from the suspension of the execution. * * ” (Italics ours.)
In the present case, the judgment of the trial court did not grant judgment for a sum of money, nor was there any fund in the custody of the court. Thus, the present suspensive appeal is governed by Art. 2124(3), quoted above, and the trial court was required to fix the specific amount of the suspensive appeal bond in accordance with the codal provision. Since the trial court did not do so, but only fixed the sus-pensive appeal bond “according to law”, under the jurisprudence cited above we must therefore dismiss the appellant’s appeal insofar as it is suspensive.
We initially thought that the dismissal of the suspensive appeal required by the cited decisions, without affording an opportunity to the appellant to cure the defect, might not be required because of the provision of LSA-C.C.P. art. 5125 that no appeal may be dismissed “on the ground that the bond furnished is insufficient or invalid unless the party who furnished it is afforded an opportunity to furnish a new or supplemental bond, as provided in Articles 5124 and 5126.” The official Reporter’s Com *420 ment states that this article makes no change in the prior law. The source of this codal provision is the former LSA-R.S. 13:4579, which itself was originally enacted as Section 9 of Act 112 of 1916.
In Pan-American Bank & Trust Co. v. Ramson, 150 La. 142, 90 So. 548, an order for a devolutive appeal was granted conditioned upon the defendant furnishing bond “according to law”. (For devolutive appeals, the statutory provisions then in effect required a fixing of the specific amount of the bond by the trial court, as does the present law. See LSA-C.C.P. art. 2124.) The Supreme Court held that the remedial statute which is the source of the present Article 5124 did not afford the appellant the opportunity to save his appeal from dismissal since, 150 La. 146, 90 So. 549, “That act relates to the correction of errors in judicial bonds. It will not save from dismissal an appeal which is defective because there is no order fixing the amount of the bond.” The Supreme Court subsequently again held this remedial statute inapplicable, when it dismissed a suspensive appeal from a judgment decreeing the appellee to be the owner of a horse, where the order of appeal was conditioned only upon furnishing bond “according to law”, even though the bond in fact was for one and one-half times the alleged value of the horse. Watson v. Schmidt, 172 La. 761, 135 So. 232. Cf. also, Lerner v. Bischof, La.App.Orleans, 189 So. 142.
Chief Justice O’Niell dissented in both the Pan-American Bank and the Watson cases on the ground that the dismissal of the appeals was contrary to the spirit and intent of the remedial statute requiring that an appellant be given an opportunity to correct a deficient bond before dismissing his appeal; but, so far as we can find, the Supreme Court has never overruled the holding of these cases that the remedial statute relates only to the correction of errors or deficiences in judicial bonds furnished pursuant to the order of appeal, but is not available to save the appeal when the order granting it does not validly fix the amount of the bond to be furnished.
For the foregoing reasons, the plaintiff-appellant’s appeal is dismissed insofar as it is suspensive.
Appeal dismissed insofar as suspensive.