197 So.2d 119 (1967)
Hampton DUPRE, Plaintiff-Appellee,
v.
HARTFORD ACCIDENT & INDEMNITY CO., Defendant-Appellant.
No. 1986.
Court of Appeal of Louisiana, Third Circuit.
February 15, 1967.
Rehearing Denied March 8, 1967.
Donald Soileau, Mamou, for defendant-appellant.
Preston N. Aucoin, Ville Platte, for plaintiff-appellee.

ON MOTION TO DISMISS
En Banc.
FRUGÉ, Judge.
The defendant appellant was granted a suspensive and devolutive appeal from a money judgment rendered against it and the record was lodged in this court. The plaintiff-appellee moves to dismiss the appeal on the ground that the appeal bond was not timely filed.
Judgment for the plaintiff was rendered and signed by the trial judge on November 30, 1966, after petition, answer and trial on the merits. Counsel for both parties were present in court and therefore no issue of notice of signing of the judgment is here presented. See LSA-C.C.P. art. 1913.
On that same day, November 30, 1966, the defendant applied for and was granted a suspensive and devolutive appeal to this court, conditioned on its furnishing bond according to law. A suspensive appeal bond in the proper amount was furnished by the defendant on January 5, 1967.
*120 Pertinent articles of the Code of Civil Procedure provide as follows:
Art. 2123. "Delay for taking suspensive appeal.
"Except as otherwise provided by law, an appeal which suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within fifteen days of:
"(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
* * *."
Art. 1974. "Delay for applying for new trial.
"The delay for applying for a new trial shall be three days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
* * *."
Since the judgment was signed on November 30, 1966, the delay for applying for a new trial commenced to run on Thursday, December 1, 1966, and expired on Monday, December 5, 1966 (Saturday, December 3, and Sunday, December 4, not being counted). Thus, under the Code of Civil Procedure the security for a suspensive appeal must have been furnished within fifteen calendar days of December 5, 1966.
An appeal bond filed on January 5, 1967, was not filed within this fifteen day delay period, and since the suspensive appeal bond was not timely filed, the appeal can not be maintained as a suspensive appeal and must be dismissed.
We note from the record that the appeal bond was filed well within the 90-day delay provided by LSA-C.C.P. 2087 for the taking of a devolutive appeal and "furnishing security therefor." Normally, under these conditions the appeal would be maintained as a devolutive appeal though dismissed as a suspensive appeal. See Kitchen Center, Inc. v. Treigle, 129 So.2d 95 (La. App.); Hill v. Gandolfo Realty Co., 171 So. 2d 684 (La.App.4th Cir. 1965).
We are also required to dismiss the defendant's devolutive appeal upon noting ex proprio motu an absence of appellate jurisdiction thereof. We are forced to this conclusion because, in the instant case, the motion for appeal to this court was granted by the trial judge "conditioned upon * * furnishing bond according to law." The amount of security to be furnished for a devolutive appeal is stipulated by LSA-C.C. P. art. 2124:
"The security to be furnished for a devolutive appeal shall be fixed by the trial court at an amount sufficient to secure the payment of costs."
As can be seen from the above quoted notation in the record, the security for a devolutive appeal was not fixed at any specified amount by the trial judge, and under the Supreme Court's ruling in Pan-American Bank & Trust Co. v. Ransom, 150 La. 142, 90 So. 548, 549 (1922), this is a total absence of compliance with the statutory requirement of bond, a prerequisite to an appellate court's jurisdiction of a devolutive appeal.[1] There the Supreme Court held that a devolutive appeal for which the amount of security was not specifically fixed was fatally defective and should be dismissed despite the remedial provisions of C.C.P. 5125.[2]
*121 The deprivation of the appellant's day in court because of such an anachronistic technicality is, in our view, no credit to our system of procedure. However, without a contrary indication from our Supreme Court we are powerless to abrogate the rule. See Roy v. Roy, 138 So.2d 417 (La.App. 3d Cir. 1962).
For the foregoing reasons, therefore, the appeal of Hartford Accident & Indemnity Company, both suspensive and devolutive, is hereby dismissed. The costs of the proceedings in this court are assessed against the defendant-appellant.
Appeal dismissed.
HOOD, Judge (dissenting).
I cannot agree with some of the conclusions which have been reached by the majority.
In the first place, the motion to dismiss filed by the appellee demands only that the appeal be dismissed insofar as it purports to be a suspensive appeal, the demand being based on the ground that the appeal bond was not filed within the time required for a suspensive appeal. There is no demand that it be dismissed as a devolutive appeal, and the appellee has never alleged or suggested that there was any irregularity in the court order granting the appeal and fixing the bond. The majority, however, on its own motion has dismissed the appeal in its entirety, on a ground which was not urged by any of the parties, even though it is conceded that the judgment is based on "an anachronistic technicality" which is "no credit to our system of procedure," and that it deprives the appellant of his day in court. I agree that the appeal should be dismissed insofar as it purports to be a suspensive appeal, but I am firmly convinced that it should be maintained as a devolutive appeal.
I also disagree with my esteemed colleagues for the reason that the irregularity pointed out in the majority opinion is not imputable to the appellant, and for that reason this court is specifically prohibited by law from dismissing the appeal as a devolutive appeal. The majority has based its holding on the case of Pan-American Bank and Trust Company v. Ransom, 150 La. 142, 90 So. 548. That case was decided by our Supreme Court in 1922. The rule applied in the Ransom case was later followed and applied in Watson v. Schmidt, 172 La. 761, 135 So. 232, which was decided in 1931. Shortly after this last decision was rendered, the State Legislature, obviously having had its attention called to the injustice then sanctioned by our law and brought to light by those two decisions, enacted legislation in its regular session held in 1932 which specifically prohibited the dismissal of an appeal because of an error on the part of the clerk or of the trial judge, or for any purely technical reason. The act passed at that time (Act 234 of 1932) was later incorporated in the Louisiana Code of Civil Procedure as Article 2161, and that article reads as follows:
"An appeal shall not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later." (Emphasis added.)
After the enactment of this 1932 act, the question which is before us now was presented to the Court of Appeal, Orleans, in Lerner v. Bischof, 189 So. 142. In that case the court, with Judge McCaleb (now Justice McCaleb) as the author of the opinion, *122 held that in view of the provisions of the 1932 act the appeal could not be dismissed simply because the trial judge had failed to specify the amount of the bond required for a devolutive appeal. In that case, the court said:
"It is plain from the foregoing that, since the appellant's suit had been dismissed by the trial court, it was necessary for the judge, in granting the order of suspensive and devolutive appeal, to fix the amount of the bond. It has been well settled by the Supreme Court, in cases antedating the passage of Act No. 234 of 1932, that, where an appeal (either suspensive or devolutive) is taken from a judgment which does not condemn the appellant to pay a sum of money, it will be dismissed on the appellee's motion where the order for appeal does not fix the amount of the bond. See Pan-American Bank & Trust Co. v. Ransom, 150 La. 142, 90 So. 548, and Watson v. Schmidt et al., 172 La. 761, 135 So. 232. In view of these pronouncements, the appeal must be dismissed unless the provisions of Act No. 234 of 1932 alter the situation." (Emphasis added.)
* * * * * *

"It will readily be seen from the foregoing that the Legislature has clearly indicated its purpose to restrain the appellate courts from dismissing an appeal for purely technical reasons." (Emphasis added.)
* * * * * *
"It is therefore ordered that, in accordance with the provisions of Act No. 234 of 1932, the appellant is hereby allowed 7 days, exclusive of Sundays and holidays, from the date of this order, to cure and correct the error complained of by the appellees in their motion to dismiss. Our decision on appellees' motion will be deferred until after the time granted appellant to correct the error has elapsed."
I think the ruling in Lerner v. Bischof, supra, is correct and is in complete accord with the mandatory provision of Act 234 of 1932 (now LSA-C.C.P. art. 2161).
In the instant suit the irregularity in the court order granting the appeal was not attributable in any way to the appellant. The judgment rendered in this case was for the principal sum of $5000.00. On oral motion of the defendant in open court the trial court granted a "suspensive and/or devolutive appeal * * * upon their furnishing bond according to law." Through some error or oversight the judge did not specify the amount of the bond required for a devolutive appeal, or if he did the clerk failed to note it in the minutes. Thereafter, and well within the time required for perfecting a devolutive appeal, the appellant filed an appeal bond in the sum of $7800.00, which was more than adequate to satisfy the requirements of a bond for a suspensive appeal. It is clear, therefore, that the appellant was without fault, and that it timely furnished a substantial bond in the only amount which was specified in the order of appeal. I do not think the Legislature or our Supreme Court intended to deprive the appellant of his day in court under those circumstances, and in view of the provisions of LSA-C.C.P. art. 2161 I feel that the devolutive appeal should not be dismissed.
Appeals are favored in our law. They must be maintained wherever possible and they should not be dismissed by technicalities. The grounds should be free from doubt and the rules liberally construed so as to protect the real rights of the litigants. Portier v. Marquette Casualty Company, 245 La. 702, 160 So.2d 585 (1964); Mid-State Homes, Inc. v. Davis, 169 So. 2d 404 (La.App. 4th Cir. 1964).
For the reasons herein assigned, I respectfully dissent from that portion of the *123 majority opinion which dismisses the appeal as a devolutive appeal.

On Application for Rehearing.
En Banc. Rehearing denied.
HOOD, J., is of the opinion that a rehearing should be granted.
NOTES
[1] An appellate court does not acquire jurisdiction of a devolutive appeal when the appeal bond is not timely filed or when there is no order fixing the amount of the bond as required by the Code of Civil Procedure. Pan-American Bank & Trust Co. v. Ransom, supra; Roy v. Roy, 138 So.2d 417 (La.App.3d Cir. 1962); Orrell v. Southern Farm Bureau Cas. Ins. Co., 248 La. 576, 180 So.2d 710 (1965).
[2] "No appeal, order, judgment, writ, mandate, or process conditioned on the furnishing of security may be dismissed, set aside, or dissolved on the ground that the bond furnished is insufficient or invalid unless the party who furnished it is afforded an opportunity to furnish a new or supplemental bond, as provided in Articles 5124 and 5126."