275 So.2d 821 (1973)
Willie L. HAWKINS
v.
Willie SHROPSHIRE and Dixie Auto Insurance Company.
No. 5515.
Court of Appeal of Louisiana, Fourth Circuit.
April 3, 1973.
*822 Levy, Smith & Pailet, Lawrence J. Smith, New Orleans, for Willie L. Hawkins, plaintiff-appellant.
Theodore A. Mars, Jr., New Orleans, for Willie Shropshire, defendant-appellee.
Ogden & Ogden, Alexander C. Cocke, Jr., New Orleans, for Dixie Auto Ins. Co., defendant-appellee.
Before SAMUEL, GULOTTA and BAILES, JJ.
GULOTTA, Judge.
We take this action on our own motion in order to consider whether we have jurisdiction over the merits of this appeal. The following dates are pertinent to a consideration of this matter:

Forma Pauperis
Order February 28, 1972
Judgment Traversing
Pauper Order March 17, 1972
Judgment on Merits May 1, 1972
Notice May 2, 1972
Motion for Appeal June 1, 1972
Motion and Order for Extension
of Time to Allow the
Payment of Costs and to Set
Bond for Appeal September 8, 1972
Appeal Bond September 11, 1972

It is obvious from the above dates that appellant's bond on September 11, 1972 was beyond the ninety-day requirement of LSA-C.C.P. art. 2087. This is a statutory requirement that must be met for jurisdiction to attach. Geisenheimer Realty Co. v. Board of Commissioners, 204 So. 2d 628 (La.App. 4th Cir. 1967).
The record indicates plaintiff originally filed suit in forma pauperis. The order was later rescinded by the trial court. After judgment on the merits, though the pauper order had been set aside, plaintiff's attorney presented a motion for appeal accompanied by an order marked "In Forma Pauperis" and without a space for fixing the amount for the appeal bond. The district judge signed the order and failed to *823 set bond. After the delays for filing an appeal bond had elapsed, the appellant filed a motion and order for extension of time to set bond and pay costs. The district court complied with appellant's motion and set bond at $250 with which appellant complied.
The appellant presents three arguments for the nondismissal of this appeal:
(1) Appellant's counsel never received notice of the judgment traversing the pauper order and was not present when judgment was rendered.
(2) The district court could correct its error by its extension order since appellate jurisdiction had not attached.
(3) The signing of the order granting the appeal without requiring the posting of a bond constituted the granting of an "In Forma Pauperis" appeal.
At the outset, our review of the record indicates that counsel for appellant was present for the hearing traversing the pauper order and, therefore, was not entitled to notice of judgment. There is no showing that the matter was taken under advisement or that the judgment was not signed at the conclusion of the trial nor was a request for notice made. See LSA-C.C.P. arts. 1913 and 1914.
We find no merit to the second contention of appellant, because it has been clearly settled that the statutory time for perfecting an appeal cannot be extended by the district court, appellate court or counsel. Ball v. Serpas, 248 So.2d 335 (La. App. 4th Cir. 1971); Thomas v. Reliance Insurance Company, 215 So.2d 515 (La. App. 4th Cir. 1968); Britt v. Brocato, 170 So.2d 516 (La.App. 4th Cir. 1965), writ refused, 247 La. 618, 172 So.2d 701; Wulff v. Mayer, 144 So.2d 246 (La.App. 1st Cir. 1962).
We cannot consider the trial court's failure to set bond equal to a reinstatement of appellant's pauper status. In Courville v. Anchor Gasoline Corporation, 174 So.2d 680 (La.App. 3rd Cir. 1965), the setting of bond in a pauper case was held not to negate the order allowing the plaintiff to proceed in forma pauperis. Here the reverse is true. The rescission could only be revoked by another pauper order after a review of new supporting affidavits as required by LSA-C.C.P. art. 5183.
One of the first cases by the Supreme Court to consider the effect of a judge's failure to set bond was Pan-American Bank & Trust Co. v. Ransom, 150 La. 142, 90 So. 548 (1922). In that case, defendant obtained an order for both devolutive and suspensive appeals. No bond was set for devolutive. Bond, according to law, was set for suspensive. Appellant filed bond in the amount necessary for a suspensive appeal but untimely for suspensive. The Court held that the entire appeal should be dismissed and that the appeal was not saved by Act 112 of 1916 which is the forerunner of our present LSA-C.C.P. arts. 5124 and 5125.
LSA-C.C.P. art. 5124 provides:
"Within four days, exclusive of legal holidays, of the rendition of judgment holding the original bond insufficient or invalid, or at any time if no rule to test the original bond has been filed, the party furnishing it may correct any defects therein by furnishing a new or supplemental bond, with either the same surety if solvent, or a new or additional surety.
"The new or supplemental bond is retroactive to the date the original bond was furnished, and maintains in effect the order, judgment, writ, mandate, or process conditioned on the furnishing of security.

*824 "The furnishing of a supplemental bond, or the furnishing of a new bond by a different surety, does not discharge or release the surety on the original bond; and the sureties on both are liable in solido to the extent of their respective obligations thereon and may be joined in an action on the bond."
And LSA-C.C.P. art. 5125 provides:
"No appeal, order, judgment, writ, mandate, or process conditioned on the furnishing of security may be dismissed, set aside, or dissolved on the ground that the bond furnished is insufficient or invalid unless the party who furnished it is afforded an opportunity to furnish a new or supplemental bond, as provided in Articles 5124 and 5126.
"No suspensive appeal is allowed from an order or ruling of a trial court requiring or permitting a new or supplemental bond to be furnished as provided in Articles 5124 and 5126."
In 1931, the Supreme Court in Watson v. Schmidt, 172 La. 761, 135 So. 232, held that a suspensive appeal should be dismissed because of the trial court's failure to set bond for a suspensive appeal from a non-money judgment. The appellant had filed a bond one and a half times the value of the horse whose possession was in dispute. In that case, the following language is significant:
"The appeal is not saved from dismissal, by section 1907 of the Revised Statutes, relating to defects, errors, or irregularities in the order of appeal, for the defect here, in its nature, is fundamentalso much so that it is impossible to give a valid bond, and therefore impossible to perfect the appeal, under the order of appeal. Such, by implication, was held to be the case in Day v. Bailey, 116 La. 961, 41 So. 223; Gottlieb-Knox-Amiss Ins. Agency v. Henry Cohn, Jr., Co., 128 La. 697, 55 So. 21; and Braun v. Veillon, 166 La. 564, 117 So. 719, where the appeals, notwithstanding section 1907 of the Revised Statutes, were dismissed. Nor is the appeal saved by Act No. 112 of 1916, relating to the correction of errors in judicial bonds. The error here is in the order of appeal. Rozan v. Villere, 147 La. 746, 85 So. 899; Pan-American Bank & Trust Co. v. Ransom, 150 La. 142, 90 So. 548."
Since then, several cases have disregarded the Pan-American and Watson cases by not dismissing appeals where bond was not set but one was timely filed by the appellant. In Lerner v. Bischof, 189 So. 142 (Orl.La.App.1939), the trial court failed to set bond in the order for appeal, but bond was filed in accord with an oral discussion in which the judge set bond.
The result in Lerner has been followed by Jackson v. Hannie, 225 So.2d 385 (La. App.3rd Cir. 1969), and Smith v. Jung Hotel Corporation, 218 So.2d 922 (La.App. 4th Cir. 1969). In the Jackson case, the court expressly overruled their previous decision in Dupre v. Hartford Accident & Indemnity Co., 197 So.2d 119 (La.App. 3rd Cir.1969), and held that an untimely suspensive appeal could be entertained as devolutive, notwithstanding absence of trial court order fixing specific amount of a devolutive bond. The court noted that the bond filed for the suspensive appeal was obviously more than sufficient to secure the payment of costs which is the requirement of the devolutive appeal bond.
The case of Smith v. Jung Hotel Corporation, supra, went further than the Jackson case when it did not dismiss a devolutive appeal when the order failed to set bond but a $250 bond was timely filed. The court allowed the appellant the opportunity to amend the order and have the district court set the devolutive appeal bond.
The present case is distinguishable from all cases previously cited because not only did the trial court fail to set bond, but the appellant failed to file bond within the *825 time prescribed in LSA-C.C.P. art. 2087. However, in Magnolia Petroleum Co. v. Marks, 223 La. 662, 66 So.2d 585 (1953), no bond was filed. In that case, the trial judge did not set bond in a concursus proceeding, even though the appellants had timely and properly requested that a bond be set. He felt it was unnecessary to do so, since the costs may be paid out of the deposited funds. The Supreme Court held that such an error was not attributable to the appellants and is governed by (then the Code of Practice art. 898, now LSA-C.C.P. art. 2161, which provides:
"An appeal shall not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later."
It is interesting to note that the Magnolia case fails to mention Watson. Therefore, we do not know whether the Magnolia case in effect overruled the Watson theory that such an error as failing to set bond is fundamental and not curable.
However, even if we were to accept the reasoning of the Magnolia case as controlling, still in the instant case the error was imputable to the appellant (as distinguished from the Magnolia case) in that an order was presented to the court which did not provide for the setting of bond and which was improperly labeled in forma pauperis.
Accordingly, the time fixed by law for filing the appeal bond as provided in LSA-C.C.P. art. 2087 having elapsed, we are forced to dismiss this appeal on our own motion. All costs are to be paid by the appellant.
Appeal dismissed.