PONDER, Jusice.
The appellees have moved to dismiss the appeal in this concursus proceeding on the ground that the appellants did not furnish an appeal bond.
The appellants timely petitioned the district court for an order fixing the appeal bond in an amount sufficient to cover the costs. The district judge took the position that a bond for costs was not necessary because the costs may be paid out of the deposited funds under the provisions of LSA-R.S. 13:4816. Thereupon the district judge executed an order granting a suspensive appeal without bond. The appellants timely prefected the appeal pursuant to this order.
LSA-R.S. 13:4816 reads as follows;
“The applicant depositing the money shall not be required to pay any costs in the proceedings. All of the costs -of all parties plaintiffs, defendants, interveners or otherwise, to the suit, shall be paid out of the funds deposited, with preference and priority over any and all persons. However, the successful litigant for the funds deposited, may recover all costs which have been paid out of the funds deposited, from the other litigant or litigants who contested his right thereto;”
A mere reading óf this statute feveals that the costs may primarily be paid out of the deposited funds but the successful litigant may recover the costs paid out of the funds from the litigant or litigants who contested his right thereto. There is nothing in this statute that exempts contestants for the deposited funds from the payment of costs or from the furnishing of an appeal bond.
Contestants for deposited funds in a concursus proceeding have not been granted an exemption from the payment of costs or the furnishing of bond as was granted by special statute to paupers and to the state and public bodies. LSA-R.S. 13 :4581; LSA-R.S. 13:4525.
If the lawmaking body had intended to relieve the contestants for deposited funds in a concursus proceeding of the requirements of paying costs and furnishing bond it undoubtedly would have been so stated in the statute. In other words, if the Legislature had intended to grant them a privilege not generally extended to litigants it would specifically have done so in clear and unmistakable language.
This court has repeatedly held prior to the adoption of this statute that a bond for costs is sufficient for a suspensive appeal where the funds are in the hands of the court. This rule has not been changed by LSA-R.S. 13:4816.
The appellants contend that the appeal should not be dismissed and that *667 they should be given the opportunity to file the necessary bond under the provisions of LSA-R.S. 13:4579 which provides:
“No appeal shall be dismissed, nor shall any writ, or other process be set aside on account of any error in the amount of the bond, or for any inaccuracy or omission in the bond, or for the insufficiency of any surety, or sureties, on the bond, until the party furnishing such bond shall have failed to correct the error, inaccuracy or omission, or to have furnished a supplemental or additional bond, or surety or sureties, as provided in R.S. 13:4571 through 13 :4580.”
An examination of this statute r.eveals that it deals with errors, inaccuracies or omissions in the appeal bond or the insufficiency of the surety. There is no bond in this case and therefore this statute is not applicable. The error is in the order of appeal which is not attributable to the fault of the appellants. The appellants applied to the court for the proper order but the court under a misapprehension of the law granted an appeal without bond. The law applicable to errors in the order of appeal is governed by Article 898 of the Code of Practice wherein it is provided as follows:
“ * * * no appeal to the Supreme Court shall be dismissed on account of any defect, error or irregularity in the * * * order of appeal * * * wheneyer it shall not appear that -such .defect, error or irregularity is imputa-, . ble to the appellant; but in all such cases the court shall grant a reasonable time to correct such errors or irregularities (in case they are not waived by the appellee), and may impose upon the appellant such terms and conditions as, in their discretion, they may deem necessary for the attainment of justice * * *.”
Under this provision of the Code of Practice an appellant is entitled to have the error corrected and an opportunity to furnish a proper bond. As a general rule an appeal bond is essential to vest this court with jurisdiction but this legislative mandate prohibits us from dismissing an appeal on account of any defect, error or irregularity- in the order of appeal when it is not imputable to the appellant and requires us to grant a reasonable time to the appellant to correct -such errors or irregularities. The purpose of this statute is to afford an appellant the right to have his appeal perfected when such circumstances exist. The appeal bond is governed by the order of appeal and it necessarily follows that an appellant has the right to post bond in conformity with the corrected order. Otherwise, the correction of the order would be useless and the provision in the statute, “may impose upon the appellant such terms and conditions as * * * they may deem necessary for the attainment of justice * * * ”, would be meaningless. Such being the case, it is necessary to remand the cause in order that .the *669 trial judge may fix the bond in an amount sufficient to cover the costs and to afford the appellants a reasonable time thereafter to furnish a proper bond.
For the reasons assigned, the motion to dismiss the appeal is overruled. The case is remanded to the lower court. The trial judge is directed to grant an order fixing the appeal bond in an amount sufficient to cover the costs. The appellants are given 10 days after such order is signed within which to furnish the proper bond.