PER CURIAM.
This is a suit brought by plaintiff for an injunction for the purpose of enjoining, restraining and prohibiting the defendant from interfering with plaintiff in the exercise of its alleged rights in cutting and, removing timber from a tract of land owned by defendant. After a continuance the rule was heard on the 1st day of May, 1953. Judgment was rendered on June 30, 1953 in favor of plaintiffs and orders of appeal, suspensive and devolutive, were entered on behalf of defendant.
It appears that bond for suspensive appeal was orally fixed by the district judge in the sum of $2,500 but there is no minute entry to support this fixing of bond. We point out that the judgment rendered does not decree any money judgment and therefore the fixing of the bond is discretionary. It is further noted that while the matter was heard as on the prayer for a preliminary writ of injunction, the judgment as rendered is permanent in nature in that it “forever” decrees the prohibition against defendant from interfering with plaintiff’s right to remove the timber.
The matter has been presented to us on application for writs of prohibition, mandamus and certiorari. On the face of the record we find that there has been no-legal fixing of bond and that defendant is entitled to relief.
*625 Accordingly it is ordered, adjudged and decreed that bond for suspensive appeal be fixed in the sum of $500 and that upon furnishing such bond within ten days from this date the orders of appeal heretofore granted by the district court in and for the Sixth Judicial District Court of the State of Louisiana be perfected.
It is further ordered, adjudged and decreed that the alternative writs of prohibition and mandamus herein issued be made peremptory.