SAMUEL, Judge.
On May 20, 1976, appellee Vetsher, Inc. filed a motion to dismiss the suspensive appeal taken herein. By judgment of this court handed down June 9, 1976, we dismissed that motion.[1] Appellee then filed an application for a rehearing which, in accordance with Rule XI, § 6, Uniform Rules, Courts of Appeal, we did not consider.[2] Thereafter, appellee filed another motion to dismiss. The second motion is based on the fact that the amount of the appeal bond had not been fixed by the trial court in its order of appeal.
The first motion to dismiss was based on an insufficiency of the bond furnished. *799 However, in a supplemental brief filed in support of the first motion prior to the date of our June 9, 1976 judgment dismissing that motion, appellee argued as an additional ground that the amount of the appeal bond had not been fixed by the trial court in its order of appeal and that the appeal also must be dismissed on that ground.
As the ground urged in the second motion was considered prior to our judgment dismissing the first motion,[3] the second motion amounts to nothing more than an application for a rehearing, a procedure prohibited by our Rule XI, § 6.
For the foregoing reasons, the second motion to dismiss the appeal also is denied.

MOTION DENIED.

. 333 So.2d 689.

. In pertinent part § 6 reads: “An application for rehearing will not be considered when the judgment of the court has merely overruled a motion to dismiss an appeal . .

. In both motions mover relied on Watson v. Schmidt, 172 La. 761, 135 So. 232. But see the later Supreme Court case of Magnolia Petroleum Co. v. Marks, 223 La. 662, 66 So.2d 585.