BOWES, Judge.
Defendants St. Charles Parish and American Waste and Pollution Control Company appeal from a judgment of the District Court granting a preliminary injunction to plaintiffs. The original motion for appeal' was filed by St. Charles Parish, American Waste, and Jefferson Disposal Company, Inc., but was granted by the trial judge only as to the Parish because the others were “not cast in judgment.” A supplemental motion for appeal was filed by American Waste and signed by the court. Plaintiffs filed a motion to have Jefferson and American Waste dismissed from this appeal, arguing that the petition for inter *715 vention filed by these parties was not served on them.
Plaintiff raised an additional point at oral argument that American’s supplemental motion for appeal was not timely.
Addressing these issues in order, La.C. C.P. article 1033 permits the filing of an incidental demand, after an answer is filed, with leave of court. Page 201 of the record contains a judicial order permitting the intervention of American Waste, signed by the trial court. It is not evident from the record whether service was ever effected; however, lack of service is irrelevant as to the efficacy of the order, although the question of service may eventually affect the validity of any judgment on the merits regarding American Waste.
No such similar intervention was filed by Jefferson Disposal. The supplemental motion for appeal filed by American Waste was timely. We find, from the pleadings on record, that American Waste is properly before the trial court as a party and is a party on appeal. Jefferson Disposal is not a party before us at the present time for purposes of this appeal.
Plaintiffs filed a petition for a declaratory judgment and injunction on April 26, 1983, praying that certain ordinances, resolutions, and contracts, passed by the St. Charles Parish Council be declared illegal and null, and that the Parish be enjoined from further implementation of these contracts. A temporary restraining order was obtained, and extended through July 15, 1983, at which time a preliminary injunction was granted. It is from this judgment that defendants have appealed.
Briefly, plaintiffs are persons and firms who have been providing solid waste garbage service to the residents of St. Charles Parish for some years. Two of the plaintiffs are identified as electors and taxpayers of St. Charles. The complaint alleges that the Parish Council illegally attempted to award contracts for garbage collection throughout the Parish to two large companies, the defendants American Waste and Jefferson Disposal. The petitioners requested that the court issue a declaratory judgment as to the validity of these contracts — specifically, did the Parish Council have the authority to advertise and accept bids for the contracts, and ultimately to award such to defendants? The council is accused of certain “ultra vires” acts in passing ordinances for bids, and the questions are raised under the Louisiana State Constitution of 1974, Louisiana Revised Statutes, the Home Rule Charter for St. Charles Parish, and even under certain federal laws.
At the rule for the preliminary injunction, the court found that the plaintiffs were persons with a vested interest in the matter, “in that before any particular type of hearing can be had on the suit on the law side, the equity determines that the injunctive relief is proper for them to file in an injunctive-type situation.”
We take this to mean that the trial judge found irreparable injury would result to the plaintiff in the absence of an injunction.
Under Louisiana Code of Civil Procedure article 3601, a party may obtain injunctive relief in cases where irreparable injury, loss, or damage may occur. Under article 3609, the court may render its decision on verified pleadings or supporting affidavits, or it may take proof. In the present case, the court elected to decide the issue on affidavits and pleadings. Counsel were duly notified in writing. The parties filed affidavits, and plaintiffs included in their exhibits the verified petition.
Plaintiffs alleged in the verified petition that the effect of the alleged ultra vires acts of the Council, the implementation of the contracts with defendants, would be to destroy their businesses and adversely affect their income. We find no manifest error or abuse of discretion in the trial judge’s holding with reference to the injunction. The irreparable injury requirement for the preliminary injunction was satisfactorily met by the affidavits and verified petition of plaintiffs that the businesses of plaintiffs would be destroyed or permanently substantially reduced unless the injunction was granted.
*716 The injunction thus acted to preserve the status of the parties as plaintiffs continue to execute their contracts on an individual basis with the parish residents.
A preliminary injunction is a procedural device, interlocutory in nature, designed to preserve the existing status pending a trial of the issues on the merits of the case. The principal demand is determined on its merits only after a full trial under ordinary process, where the parties have not expressly agreed to submit the case for final decision at the hearing on the rule for the preliminary injunction. Smith v. W. Virginia Oil & Gas Co., 373 So.2d 488 (La.1979).
Since the case must be remanded for trial on the merits of the petition for declaratory judgment, and no evidence was taken that would afford both sides to properly present their arguments, we are unable to make a decision on the various other issues raised. Indeed, these issues are not even before us on this appeal. They may receive appropriate review after final judgment on the principal demands. Smith, supra.
For the reasons assigned, the judgment of the trial court granting the preliminary injunction to plaintiffs is affirmed. The case is remanded to the district court for further proceedings on the principal demand and for a hearing on the issuance of a permanent injunction.
All costs of appellate proceedings to date are assessed against defendants-appellants.
AFFIRMED AND REMANDED TO DISTRICT COURT.