620 So.2d 363 (1993)
CAMP, DRESSER & McKEE, INC. and Richard Cloutier,
v.
STEIMLE AND ASSOCIATES, INC., Stephen E. Steimle, Sunbelt Detective Agency, Inc., and William Douglas Emmer.
No. 92-CA-1098.
Court of Appeal of Louisiana, Fifth Circuit.
May 25, 1993.
Writ Denied September 3, 1993.
*364 Kenneth A. Mayeaux, Carolyn S. Parmenter, Lemle & Kelleher, New Orleans, for plaintiff/appellee, Camp, Dresser & McKee, Inc. and Richard Cloutier.
Robert A. Kutcher, Nicole A. Tygier, Bronfin & Heller, New Orleans, for defendant/appellant, Steimle & Associates, Inc. and Stephen E. Steimle.
Leonard A. Young, New Orleans, and Dale W. Poindexter, New Orleans, for defendant/appellee, William Douglas Emmer and Sunbelt Detective Agency, Inc.
Before BOWES, GAUDIN and WICKER, JJ.
BOWES, Judge.
Appellants, Steimle and Associates, Inc., Stephen E. Steimle (hereinafter "Steimle"), Sunbelt Detective Agency and Wm. Douglas Emmer (hereinafter "Sunbelt") appeal an order of the district court granting a preliminary injunction against them in favor of plaintiffs, Camp, Dresser & McKee, Inc. and Richard Cloutier (hereinafter "Camp"). Prior to reaching the merits of the appeal, we have considered a motion to dismiss the appeal filed by appellees and note a jurisdictional problem. For the following reasons, the matter is remanded to the district court for further proceedings.

FACTS
On September, 1991, Camp, an engineering firm, sued Steimle, also an engineering firm, and Sunbelt for damages on several grounds, including abuse of rights, interference with business relations, intentional infliction of mental suffering, unfair trade practices, invasion of privacy, and misappropriation of trade secrets. In the suit Camp alleged that Steimle employed Sunbelt to rummage through its (Camp's) trash for the purposes of obtaining certain documents. In June of 1992, Camp amended its petition to include additional allegations, and added a request that defendants be enjoined from removing the trash from Camp's dumpsters, and from disclosing any documents or information to anyone.
The hearing for the preliminary injunction was set for hearing on June 30, 1992, along with certain other motions previously set. On September 3, 1992, a judgment granting the preliminary injunction was given, enjoining the defendants from removing plaintiffs' trash, and from disclosing and/or disseminating certain documents except for purposes of discovery and trial preparation. The judgment also granted a protective order relative to certain other documents.
On September 18, 1992, all defendants appealed devolutively. The appeals were granted, returnable to this Court "45 days *365 after payment of estimated costs," which costs were estimated by the Clerk of Court in the amount of $80.00. No appeal bond was requested or set.

ANALYSIS
An appeal from an order relating to a preliminary injunction is authorized by LSA-C.C.P. art. 3612 which states as follows:
There shall be no appeal from an order relating to a temporary restraining order.
An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.
An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.
Except as provided in this article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III. [Emphasis supplied].
In the present case, the trial court did not order a bond for the appeal. We find that Magnolia Petroleum Co. v. Marks, 66 So.2d 585 (La.1953) is controlling in the present case. There, our Supreme Court dealt with an appeal for which a bond had not been ordered by the trial court. The lower court had determined that a bond was unnecessary because it believed that costs may be paid out of funds deposited in the concursus proceedings in that case. The Supreme Court disagreed, finding instead that in the absence of a specific exception to the appeal bond requirement, such bond is required to perfect an appeal.
A cursory reading of LSA-C.C.P. art. 3612 reveals that, unlike the regular devolutive appeal, which no longer requires a bond, an appeal from an injunction does require such security and is therefore a "specific exception," in this case to the rule exempting devolutive appeals from the necessity of a bond. As in Magnolia, supra, we find that if the legislature had intended to exempt appeals on injunctions from the requirement that a bond be posted, it would have done so. Nevertheless, as the Supreme Court found in Magnolia, supra, the error is not one imputable to the appellant so as to make the appeal amenable to dismissal. In Magnolia, the court relied on and cited the former Code of Practice Article 898 (now essentially contained in LSA-C.C.P. art. 2161)[1] and found as follows:
Under this provision of the Code of Practice an appellant is entitled to have the error corrected and an opportunity to furnish a proper bond. As a general rule an appeal bond is essential to vest this court with jurisdiction but this legislative mandate prohibits us from dismissing an appeal on account of any defect, error or irregularity in the order of appeal when it is not imputable to the appellant and requires us to grant a reasonable time to the appellant to correct such errors or irregularities. The purpose of this statute *366 is to afford an appellant the right to have his appeal perfected when such circumstances exist. The appeal bond
is governed by the order of appeal and it necessarily follows that an appellant has the right to post bond in conformity with the corrected order.
Again, as in Magnolia, supra, we do not find it necessary to dismiss the appeal but simply to overrule the Motion to Dismiss and remand the case in order to allow the trial judge to fix the bond and to afford appellant reasonable time thereafter to furnish it.
Cases cited by appellant in its opposition to the motion to dismiss are inapposite. State ex rel. Lewis v. Chicago Mill & Lumber Co., 66 So.2d 624 (La.App. 4 Cir. 1953) involves a preliminary injunction which was found to be "permanent in nature." Such is not the case here, in which we have an injunction clearly preliminary in its terms and its nature.
Furthermore, the parties must expressly agree to submit the case for final decision at the hearing on the rule for preliminary injunction in order to determine the demand on its merits (so as to effectively constitute a permanent injunction). See Smith v. W. Virginia Oil & Gas Co., 373 So.2d 488 (La.1979); Frommeyer v. St. Charles Parish, 444 So.2d 714 (La. App. 5 Cir.1984). Appellant's argument that the injunction granted was permanent in nature is without merit.
For the foregoing reasons, the motion to dismiss the appeal is overruled, the case is remanded to the district court, the trial judge is directed to grant an order fixing the appeal bond and to give appellants a reasonable time within which to furnish the proper bond. The matter is removed from the present docket of this Court, and, on proper motions, may be reset on the next available docket after the requirements mentioned above have been complied with.
MOTION TO DISMISS OVERRULED, REMOVED FROM DOCKET, AND REMANDED WITH INSTRUCTIONS.
GAUDIN, Judge, concurs in part, dissents in part.
I concur in the denial of the motion to dismiss the appeal but I respectfully dissent from the remand to district court. The full record was before us and in my judgment this Court should have proceeded to hear the merits of the appeal as scheduled on April 1, 1993.
NOTES
[1] Code of Practice Article 898 provided, in pertinent part, as follows:

* * * no appeal to the Supreme Court shall be dismissed on account of any defect, error or irregularity in the * * * order of appeal * * * whenever it shall not appear that such defect, error or irregularity is imputable to the appellant; but in all such cases the court shall grant a reasonable time to correct such errors or irregularities (in case they are not waived by the appellee), and may impose upon the appellant such terms and conditions as, in their discretion, they may deem necessary for the attainment of justice * * *.
LSA-C.C.P. art. 2161 reads as follows:
An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.