IzWHIPPLE, Judge.
This matter is presently before us on a motion to dismiss filed by appellee, Antin and Lorenz, a professional law corporation, seeking dismissal of the suspensive appeal of the United States of America. For the following reasons, we deny the motion to dismiss the appeal and remand the matter to the trial court to fix an appropriate appeal bond.
FACTS AND PROCEDURAL HISTORY
The United States filed a motion for sus-pensive appeal from a judgment rendered by the trial court determining the priority and ranking of competing claims to the assets of the estate of Harry Edwin Nobles in a consolidated succession and concursus proceeding. In its motion for suspensive appeal, the United States requested that it be declared exempt from the requirement to post a security bond for the payment of costs, pursuant to 28 U.S.C. § 2408. The trial court granted the motion for suspensive appeal and ordered that the United States be exempted from the requirement to post a security bond for the payment of costs.
Is Appellee, Antin and Lorenz, a professional law corporation, filed an application for supervisory writs with this court, complaining of the trial court’s ruling granting a suspensive appeal without a bond. However, the application for writs was untimely under Rule 4-3 of the Uniform Rules of the Courts of Appeal, and by order dated February 23, 1996, this court refused to consider the writ application. Thereafter, Antin and Lorenz filed with this court a motion to dismiss the appeal for failure to post a bond for the costs of appeal. Subsequent to the filing of the motion, the appeal was lodged under docket number 96 CA 0468. By order dated May 17, 1996, this court set the motion to dismiss bearing docket number 96 CM 0398, on the September, 1996 docket and ordered the parties to file briefs. Thus, the sole matter under consideration is appellee’s motion to dismiss the suspensive appeal, which we now address without reaching the merits of the appeal.
MOTION TO DISMISS SUSPENSIVE APPEAL
Antin and Lorenz moved to dismiss the appeal of the United States on the grounds that pursuant to LSA-C.C.P. art. 2123, a timely-filed, sufficient appeal bond is required to perfect a suspensive appeal and no statute or jurisprudence of this state grants an exemption from this requirement to the United States. The United States admits that Louisiana law requires a bond in these proceedings, but argues that 28 U.S.C. § 2408 should exempt the United States from that rule.
Generally, in order to perfect a suspensive appeal, an appellant must furnish security for the payment of the judgment in the event of affirmation on appeal.[1] LSA-C.C.P. arts. 2123 & 2124; Rome v. Traylor, 620 So.2d *975 1168, 1165 (Laj41993). Louisiana law provides an exception to the security requirement in LSA-R.S. 18:4581, which specifically exempts “[s]tate, parish and municipal boards or commissions exercising public power and functions,” among others, from furnishing security for an appeal. This exemption has been interpreted liberally and has been extended to include not only state, parish and municipal boards and commissions, but also the state, parishes and municipalities themselves. Rome, 620 So.2d at 1165; see also Advanced Collision Services, Inc. v. State, Department of Transportation, 93-740 (La.App. 5th Cir. 1/25/94); 631 So.2d 1245, 1247. However, no statutory provision in Louisiana law specifically exempts the United States from the requirement to furnish security for an appeal.
In opposing the motion to dismiss its suspensive appeal, the United States avers that 28 U.S.C. § 2408, read in connection with the supremacy clause of the U.S. Constitution, U.S. Const, art. VI, grants it an exemption from the bond requirement. 28 U.S.C. § 2408 provides, in pertinent part, as follows:
Security for damages or costs shall not be required of the United States, any department or agency thereof or any party acting under the direction of any such department or agency on the issuance of process or the institution or prosecution of any proceeding. (Emphasis added).
The United States notes that prior to enactment of 28 U.S.C. § 2408 in 1948, former 28 U.S.C. § 870 provided a similar exemption, but was applicable only to actions in the United States Supreme Court and federal district courts. Relying on the revision notes to section 2408, the United States argues that with the enactment of 28 U.S.C. § 2408, the exemption from furnishing security was expanded to apply to “all courts,” including state courts. See 28 U.S.C. § 2408, historical and statutory notes. Thus, the United States argues that to the extent any state law is in conflict with this federal statute, the conflicting state statute, requiring the United States to furnish security, is void under the supremacy clause.
|5Our research has not revealed any Louisiana jurisprudence addressing the applicability of this federal statute to state court proceedings in Louisiana. However, the Court of Civil Appeals of Texas specifically addressed this issue and concluded that 28 U.S.C. § 2408 does not exempt the United States from posting an appeal bond in state court. United States Department of Air Force v. Wilhelm, 555 S.W.2d 498, 499-500 (Tex.Civ.App.1977). The Texas court concluded that the legislature of Texas alone had the authority to prescribe its own system of practice and the rules for appealing in a Texas state court. Wilhelm, 555 S.W.2d at 499. Moreover, the court disagreed with the argument of the United States that 28 U.S.C. § 2408 encompassed actions in both state and federal courts. The Texas court held that no language in section 2408 itself or in the reviser’s note demonstrated an intent by Congress that the United States is exempt from state bond requirements and that the only substantive difference between former section 870 and the current section 2408 was that the new statute applies to all federal court proceedings. Wilhelm, 555 S.W.2d at 500.
We agree with the analysis of the Texas Court of Civil Appeals and likewise hold that 28 U.S.C. § 2408 applies only to federal court proceedings and does not exempt the United States from state bond requirements in state court proceedings. Therefore, to the extent that LSA-C.C.P. arts. 2123 and 2124 address appeal bond requirements in state court proceedings and 28 U.S.C. § 2408 applies to security requirements in federal court proceedings, there is no conflict between these two provisions to invoke the supremacy clause. Pursuant to LSA-C.C.P. arts. 2123 and 2124, the United States was required to post an appeal bond.
At oral argument and in its brief, the United States argues that if this court determines that it is required to furnish a bond for costs in order to perfect a suspensive appeal, the case should be remanded to allow the trial court to set the 1 gamount of the bond and the United States to post it. In Magnolia Petroleum Co. v. Marks, 223 La. 662, 66 So.2d 585, 587 (1953), where the trial court *976 erroneously granted a suspensive appeal without bond and the error was not imputable to the appellants, the Louisiana Supreme Court remanded the matter to allow the trial court to fix the bond and afford the appellants a reasonable time to furnish the bond.
In that case, the trial court held that a bond for costs was not necessary in a concur-sus proceeding. Magnolia Petroleum Co., 223 La. at 664-666, 66 So.2d at 586. The Supreme Court concluded that the trial court was in error in finding that no bond was necessary, that this constituted an error in the order of appeal, and that this error was not imputable to the appellants. The Court relied upon former Code of Practice article 898, which provided that no appeal to the Supreme Court should be dismissed because of an error in the order of appeal where the error was not imputable to the appellant, and found that under this article, an appellant was entitled to have the error corrected and an opportunity to furnish a proper bond. Magnolia Petroleum Co., 223 La. at 667-669, 66 So.2d at 587. Similarly, LSA-C.C.P. art. 2161 now provides, in pertinent part, that “[a]n appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant.”
We find the reasoning in Magnolia Petroleum Co. applicable herein and conclude that the United States is entitled to have the error in the order of appeal corrected and an opportunity to furnish a proper bond.[2] See Camp, Dresser & McKee, Inc. v. Steimle and Associates, Inc., 620 So.2d 363, 365-366 (La. App. |75th Cir.), writ denied, 623 So.2d 1306 (La.1993). After the United States has complied with this requirement, this matter will be reset on the earliest available docket for a decision on the merits without re-argument.
ORDER
For the foregoing reasons, IT IS ORDERED that the motion to dismiss the sus-pensive appeal is denied. This matter is remanded to the trial court. The trial court is hereby directed to grant an order fixing the appeal bond and allowing the United States 10 days after the order is signed by the trial court within which to furnish the proper bond.
IT IS FURTHER ORDERED that the appeal bearing docket number 96 CA 0468 be removed from the present docket of this Court to be reset on the next available docket for decision on the merits after compliance by the United States with the appeal bond requirements.
MOTION TO DISMISS SUSPENSIVE APPEAL DENIED. APPEAL REMOVED FROM THE DOCKET AND REMANDED WITH INSTRUCTIONS.
| gFITZSIMMONS, J., concurs and assigns reasons.

. We do not believe that this error is imputable to the United States simply because the United States made a good faith argument that it should be exempt from the bond requirement. The error in the order of appeal resulted from the trial court’s erroneous legal conclusion that the argument of the United States had merit.