CHIASSON, Judge Pro Tempore.
J. Stanley Middleton, appeals a trial court judgment issuing a preliminary injunction enjoining and restraining he and Greg Middleton from entering upon, or going over or across the entirety, or any part of, the immovable property owned by Bryant Jenkins.[2]
On November 8, 1995, the trial court rendered and signed a judgment issuing the preliminary injunction. On November 21, 1995, Charlotte Tammany Investments, Inc. and J. Stanley Middleton filed a petition and order for a devolutive appeal pursuant to La. C.C.P. art. 3612 and asked for a suspension of the effect of the preliminary injunction during the pendency of the appeal.[3] The petition also requested that the bond required by La. C.C.P. art. 3612 be reduced. On December 4,1995, the trial court granted the appeal but gave no return date. It was further ordered that a bond in the sum of $1,000.00 be posted for the prosecution of this appeal. The trial court did not suspend the effect of the preliminary injunction.
On December 28, 1995, a motion for extension of time to pay estimated appeal costs filed by Charlotte Tammany Investments, Inc. was granted and an extension of 20 days was given.
There was no further action in this matter until May 30, 1997, when a petition for contempt was filed against the Middletons and Floyd Core, an alleged logger, for violating the preliminary injunction.
On October 2, 1997, the Middletons were found to be in contempt of court. The contempt of court judgment has not been appealed. The record reflects that appeal costs were paid and a return date of November 24, 1997, was given for the appeal from the granting of the preliminary injunction.
Ex proprio motu we issued a show cause order questioning this court’s jurisdiction because the record in this case does not reflect *495 that an appeal bond was ever filed. Appellants did not respond to our show cause order.
bLa. C.C.P. art. 3612 provides, in pertinent part, that “[a]n appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment.”
In Camp, Dresser & McKee, Inc. v. Steimle and Associates, Inc., 620 So.2d 363 (La.App. 5th Cir.1993), writ denied, 623 So.2d 1306 (La.1993), defendants appealed devolutively from a judgment granting a preliminary injunction. However, no appeal bond was requested or set. The appellate court remanded the ease in order to allow the trial court to fix the bond and to afford defendants reasonable time to furnish it. The court reasoned as follows:
A cursory reading of LSA-C.C.P. art. 3612 reveals that, unlike the regular devol-utive appeal, which no longer requires a bond, an appeal from an injunction does require such security and is therefore a “specific exception,” in this case to the rule exempting devolutive appeals from the necessity of a bond. As in Magnolia [Petroleum Co. v. Marks, 223 La. 662, 66 So.2d 585 (La.1953)], we find that if the legislature had intended to exempt appeals on injunctions from the requirement that a bond be posted, it would have done so.
Camp, Dresser & McKee, Inc. v. Steimle and Associates, Inc., 620 So.2d at 365. The matter was remanded to the trial court because the error was not imputable to the appellant. See Magnolia Petroleum Co. v. Marks, 223 La. 662, 66 So.2d 585 (La.1953).
We agree with the reasoning of the court in Camp, Dresser & McKee, Inc. v. Steimle and Associates, Inc. and find that, pursuant to La. C.C.P. art. 3612, a bond is required for an appeal of a preliminary injunction.
We are aware of decisions from other circuits that found that an appeal bond was no longer required under La. C.C.P. art. 3612 because La. C.C.P. art. 2124, as amended in 1977, no longer required a bond for a devolu-tive appeal. See Chapman v. Fisher, 370 So.2d 162 (La.App. 3rd Cir.1979); Jones v. Cusimano, 511 So.2d 486 (La.App. 4th Cir.1987); Luffey v. Luffey, 572 So.2d 1045, 1046 n. 1 (La.App. 2nd Cir.1990), writ denied, 577 So.2d 50 (La.1991). However, we decline to follow these decisions.
Because no bond as fixed by the trial court was ever filed in this case, this appeal is dismissed at appellant’s costs.
APPEAL DISMISSED.
FITZSIMMONS, J., dissents and assigns reasons.

. Since the issuance of the preliminary injunction, Mrs. Margie Yates Jenkins, Testamentary Executrix of the Succession of Bryant Jenkins, has been substituted as the party defendant in this matter.

.Charlotte Tammany Investments, Inc. was not named as a party in this suit.