752 So.2d 146 (1999)
John T. KILLEEN, Jr.
v.
Bryant JENKINS, Doris Jenkins Pettit, Charlotte Tammany Investments, J. Stanley Middleton, Greg Middleton, and Margie Yates Jenkins, Testamentary Executrix of the Succession of Bryant Jenkins.
No. 98-C-2675.
Supreme Court of Louisiana.
November 5, 1999.
Marion B. Farmer, Covington, Counsel for Applicant.
John N. Gallaspy, Bogalusa, Counsel for Respondent.
PER CURIAM.[*]
We granted certiorari in this case to determine whether a bond must be posted in order to appeal a judgment relating to a preliminary injunction, where the trial court has refused to stay the injunction. For the reasons set forth in this opinion, we conclude that under these facts, the posting of a bond is not required.

FACTS AND PROCEDURAL HISTORY
John T. Killeen, Jr. owned a parcel of land in St. Tammany Parish. The parcel is allegedly landlocked, and in order to gain access to the state highway, Mr. Killeen had been using a passage across two adjoining tracts of land, one owned by *147 Bryant Jenkins and the other owned by Doris Jenkins Pettit. In 1994, Mr. Killeen filed suit against Mr. Jenkins and Mrs. Pettit for judicial recognition of a predial servitude of right of passage. Later, Mr. Killeen sold his land to Charlotte Tammany Investments, Inc., a company owned by J. Stanley Middleton, and Mr. Middleton continued using the passage Mr. Killeen had informally established.
In response to the petition, Mr. Jenkins filed an answer and reconventional demand and sought to restrain Mr. Killeen and Mr. Middleton from crossing his property. On November 8, 1995, the trial court entered a preliminary injunction in favor of Mr. Jenkins and against Mr. Middleton and his son, Greg, restraining them, and any person acting in concert with them, from entering upon, or going over or across, any part of Mr. Jenkins' property. On November 21, 1995, within fifteen days of the trial court's judgment, Mr. Middleton and Charlotte Tammany Investments filed a "Petition and Order for Appeal." Petitioners indicated they wished to "appeal devolutively" from the trial court's judgment and indicated an appeal as a matter of right was appropriate under La. Code Civ. P. art. 3612.[1] Petitioners also requested a suspension of the effect of the preliminary injunction during the pendency of the appeal, and requested that the bond required by La.Code Civ. P. art. 3612 be reduced. The trial court did not suspend the effect of the preliminary injunction, but granted the appeal and ordered that a bond in the sum of $1,000 be posted.
After the record was lodged, the court of appeal, ex proprio motu, issued a show cause order questioning its jurisdiction, on the ground that the record did not reflect that the $1,000 appeal bond fixed by the trial court had ever been filed. The appellants did not respond to the order. Thereafter, a divided panel of the court of appeal dismissed the appeal.[2] The majority acknowledged that there is a split in the circuits concerning the issue of whether a bond is required for an appeal of a judgment relating to a preliminary injunction. The majority declined to follow the line of cases which have held that an appeal bond is no longer required under La.Code Civ. P. art. 3612, because the 1977 amendment to La.Code Civ. P. art. 2124, which eliminated the necessity of a bond to cover costs for a devolutive appeal, effectively removed the requirement of posting a bond to pursue a devolutive appeal under La.Code Civ. P. art. 3612.[3] Instead, the majority followed the opposite line of cases, which hold that La.Code Civ. P. art. 3612 requires the filing of a bond.[4] One judge dissented from the dismissal of the appeal, reasoning that a bond is no longer required for a devolutive appeal under La.Code Civ. P. art. 3612 after the 1977 amendment to La.Code Civ. P. art. 2124.
Upon Mr. Middleton's application, we granted certiorari to consider the correctness of the court of appeal's ruling.[5]

DISCUSSION
We are presented with a situation where two legislative acts conflict. La.Code Civ. P. art. 3612 appears to require a bond to *148 be furnished in all appeals relating to a preliminary injunction, whether that appeal is devolutive or suspensive. By contrast, La.Code Civ. P. art. 2124, as amended in 1977, does not require the posting of a bond when the appeal is devolutive, as in the instant matter. Thus, we must ascertain which expression of the legislative will prevails.
In attempting to determine the legislature's intent, a review of the historical context of the two articles is useful. At the time La.Code Civ. P. art. 3612 was incorporated into the Code of Civil Procedure in 1961, a bond was required for the prosecution of all appeals, whether suspensive or devolutive.[6] Accordingly, at this time, it was consistent for La.Code Civ. P. art. 3612 to require the posting of an appeal bond in all appeals relating to preliminary injunctions. However, in 1977, the legislature amended La.Code Civ. P. art. 2124 to provide that no security is required for a devolutive appeal.
The rules of statutory construction provide that where two statutes deal with the same subject matter, they should be harmonized if possible. La. Civ.Code art. 13; LeBreton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226. However, when two acts are clearly irreconcilable and are so inconsistent that the two cannot have concurrent operation, then the latest enactment should be applied. State v. Piazza, 596 So.2d 817 (La.1992); see also 1 M. Planiol, TRAITE ELEMENTAIRE DE DROIT CIVIL, No. 228 (12th ed.1939), reprinted in TREATISE ON THE CIVIL LAW at 165 (La.St. L.Ins.Trans.1959).
Turning to the articles before us, we find they can be harmonized in part. In those cases where the trial court has granted a stay of further proceedings in a matter involving a preliminary injunction, the appeal is in the nature of a suspensive appeal, and there is no conflict between the articles. Therefore, a bond is required in such cases.
However, in cases where the trial court has declined to grant a stay in a preliminary injunction matter, the appeal is in the nature of a devolutive appeal. The legislature has clearly expressed its intent in the 1977 amendment to La.Code Civ. P. art. 2124 that no security is required in such an appeal.[7] In this situation, *149 there is an irreconcilable conflict between La.Code Civ. P. art. 2124 and La. Code Civ. P. art. 3612. Accordingly, we look to the most recent expression of legislative will found in La.Code Civ. P. art. 2124, which does not require the posting of a bond in appeals where the underlying judgment is not stayed or suspended. Based on this article, we conclude the legislature intended to dispense with the posting of a bond in those cases where the preliminary injunction proceeding is not stayed pending the appeal.
In sum, we interpret the legislative intent behind La.Code Civ. P. art. 2124 and La.Code Civ. P. art. 3612 as requiring the posting of security only in those cases where the trial court has stayed further proceedings pending the appeal. In cases where the court has granted the injunction but has refused to suspend the effect of the order or judgment during the pendency of an appeal, the order of appeal must be filed within fifteen days, but no bond is required. Accordingly, the court of appeal erred in dismissing Mr. Middleton's appeal for failure to post a bond. That judgment must be reversed.

DECREE
For the reasons assigned, the judgment of the court of appeal dismissing the appeal of J. Stanley Middleton is reversed. The appeal is reinstated, and the case is remanded to the court of appeal for consideration on the merits.
TRAYLOR, J., dissents and assigns reasons.
TRAYLOR, J., dissenting.
I disagree with the majority's finding of an "irreconcilable conflict between La. Code Civ. P. art. 2124 and La.Code Civ. P. art. 3612." Although it admits that two conflicting statutes should be harmonized if possible, the majority opinion ignores the well established rule of statutory interpretation providing that when two statutes deal with the same subject matter, the statute "specifically directed to the matter at issue must prevail as an exception to the statute more general in character." Le-Breton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226, 1229 (citations omitted).
La.Code Civ. P. art. 3612, which is specifically directed to appeals from injunctions, contains clear and unambiguous language providing that an appeal from a preliminary injunction "must be taken and a bond furnished within fifteen days from the date of the order or judgment." That article does not distinguish suspensive from devolutive appeals. Although the legislature may have intended to eliminate the requirement of posting a bond for a devolutive appeal from a preliminary injunction when it later enacted La.Code Civ. P. art. 2124, it is not for this court to second guess that intent when the language of the more specific art. 3612 is clear and unambiguous. La. Civ.Code art. 9.
For these reasons, I respectfully dissent.
NOTES
[*] Johnson, J., not on panel. Rule IV, Part II, § 3.
[1] La.Code Civ. P. art. 3612 provides in pertinent part:

An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.
[2] Killeen v. Jenkins, 97-2624 (La.App. 1st Cir.9/25/98), 725 So.2d 494.
[3] Luffey v. Luffey, 572 So.2d 1045 (La.App. 2d Cir.1990), writ denied, 577 So.2d 50 (La. 1991); Jones v. Cusimano, 511 So.2d 486 (La.App. 4th Cir.1987); Chapman v. Fisher, 370 So.2d 162 (La.App. 3d Cir.1979).
[4] Camp, Dresser & McKee, Inc. v. Steimle & Associates, Inc., 620 So.2d 363 (La.App. 5th Cir.), writ denied, 623 So.2d 1306 (La.1993).
[5] Killeen v. Jenkins, 98-2675 (La.1/15/99), 736 So.2d 214.
[6] La.Code Civ. P. art. 3612 is derived from Acts 1924, No. 29, which enacted former La. R.S. 13:4070, entitled "Appeals":

No appeal shall be allowed from any order granting, continuing, refusing or dissolving a restraining order, but where upon a hearing, a preliminary writ of injunction shall have been granted, continued, refused or dissolved by an interlocutory order or decree, or an application to dissolve an injunction shall have been refused by such order or decree, a devolutive, but not a suspensive appeal, may be taken as a matter of right from such interlocutory order or decree. However, after reasonable notice given to plaintiff's attorney of record of the time and place at which, and the court to which application will be made, in its discretion, the court may, allow to any party enjoined a suspensive appeal from any order granting a preliminary injunction, and, in its discretion, also may stay further proceedings in the cause until the appeal has been decided, upon the party appealing giving bond with surety or sureties, in such sum as the court may fix as sufficient for the protection of the opposite party, or other party in interest in his damages and costs, and conditioned for the payment of all damages and costs sustained by such opposite party, or other party in interest by reason of the suspension of such order by such appeal. If in such case a suspensive appeal is refused by the lower court, the appellate court having jurisdiction, or any judge thereof, in like circumstances and under like conditions, may allow the same in aid of its appellate jurisdiction. Any appeal, devolutive or suspensive, must be taken and bond furnished within ten days from entry of such order or decree, and such appeal shall have precedence in the appellate court, but the proceedings in other respects in the court below shall not be stayed during the pendency of such appeal, unless otherwise ordered by the court granting the same. [emphasis added]
[7] A review of the minutes of the Senate Committee on the Judiciary concerning the 1977 amendment to La.Code Civ. P. art. 2124 (House Bill No. 405) indicates the primary purpose for requiring the posting of a bond in devolutive appeals had been to assure the payment of appeal costs. This purpose was eliminated in 1976, when the legislature amended La.Code Civ. P. art. 2126 to specifically address appeal costs. In light of this action, the Law Institute recommended the bond for devolutive appeals be eliminated.