STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-159

ANDRE GUILLORY

VERSUS

ALLIED WASTE SERVICES, INC., ET AL.

**********
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION
DISTRICT 03, NO. 09-01931
HONORABLE SAM L. LOWERY
WORKERS' COMPENSATION JUDGE

**********

**SHANNON J. GREMILLION**
**JUDGE**

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**SUSPENSIVE APPEAL DISMISSED;**
**APPEAL MAINTAINED AS DEVOLUTIVE.**

**Anthony Paul Palermo**
**Breazeale, Sachse & Wilson**
**Post Office Box 3197**
**Baton Rouge, LA 70821**
**(225) 387-4000**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Allied Waste Industries, Inc.**
    **AIG Domestic Claims, Inc.**

**Michael Bruce Holmes**
**Attorney at Law**
**Post Office Box 790**
**Kinder, LA 70648**
**(337) 738-2568**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Andre Guillory**

GREMILLION, Judge.

The appellee, Andre Guillory, moves to dismiss the suspensive appeal filed by the appellants, Allied Waste Services, Inc., and AIG Domestic Claims, Inc. Finding merit to the appellee's argument, we grant the motion to dismiss the suspensive appeal and maintain the appeal as devolutive.

After trial on the merits, the Office of Workers' Compensation judge signed a written judgment on October 27, 2009. The record contains a certification from the OWC clerk's office certifying that notice of the rendition of this judgment was mailed by the clerk's office on October 29, 2009. No motion for new trial was filed. The appellants filed their motion for a suspensive appeal on November 13, 2009. The OWC judge signed the order of appeal and set the amount of the suspensive appeal bond on November 20, 2009. The record discloses that the suspensive appeal bond was posted by the appellants on December 23, 2009.

The appeal record was lodged in this court on February 9, 2010. The appellee filed the instant motion to dismiss the suspensive appeal on February 10, 2010. The appellee contends that since the appellants filed their suspensive appeal bond untimely, the suspensive appeal should be dismissed. We agree.

Louisiana Code of Civil Procedure Art. 2123 requires that in order to perfect a suspensive appeal, the order of appeal must be granted and the suspensive appeal bond must be posted no later than thirty days from either the expiration of the delays for seeking a new trial or from the notice of denial of the motion for new trial. Since no motion for new trial was filed in this action, the appellants had thirty days from the expiration of the time for seeking a new trial, which is seven days, exclusive of holidays, from the mailing of the notice of judgment by the clerk's office. La.Code Civ.P. art. 1974.

1

As stated above, notice of the signing of the final judgment is certified by the OWC clerk's office as having been mailed by certified mail to the attorneys of record on October 29, 2009. Thus, the delay for applying for a new trial expired on November 9, 2009. Therefore, the appellants had until December 9, 2009, to post their suspensive appeal bond. Having failed to post their bond until December 23, the bond was filed untimely. Therefore, we hereby grant the motion to dismiss the suspensive appeal.

However, even though this court finds that the suspensive appeal must be dismissed, when the appeal has been filed timely for a devolutive appeal, the appropriate remedy is to maintain the appeal as devolutive. *See National Union Fire v. Harrington*, 2002-192 (La.App. 3 Cir. 3/6/02), 810 So.2d 1279. Therefore, we hereby dismiss the suspensive appeal, but we maintain the appeal as devolutive.

**SUSPENSIVE APPEAL DISMISSED; APPEAL MAINTAINED AS DEVOLUTIVE.**