NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CM 13-250


HILCORP ENERGY I, L.P.

VERSUS

MERRITT OPERATING, INC.


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 75441
HONORABLE CHARLES LEE PORTER, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT

JUDGE

**********

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and John E. Conery, Judges.

SUSPENSIVE APPEAL DISMISSED.
APPEAL MAINTAINED AS DEVOLUTIVE.

Guy Earl Wall
Sara Lewis
Wall, Bullington & Cook, L.L.C.
540 Elmwood Park Boulevard
Harahan, LA 70123
(504) 736-0347
COUNSEL FOR DEFENDANT/APPELLEE:
    Merritt Operating, Inc.

**George Hardy Robinson**
**Liskow & Lewis**
**Post Office Box 52008**
**Lafayette, LA 70505-2008**
**(337) 232-7424**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Hilcorp Energy I, L.P.**

**PICKETT, Judge.**

Defendant-Appellee, Merritt Operating, Inc. (Merritt), moves to dismiss an unlodged appeal. For the reasons given herein, we grant the motion to dismiss the suspensive appeal, but maintain the appeal as devolutive.

This case arises out of a dispute over revenues derived from oil and gas produced in a well unit located in St. Martin Parish. Merritt has allegedly been operating the well and selling the production to Plains Marketing, L.P. (Plains). Plaintiff, Hilcorp Energy I, L.P. (Hilcorp), claims that it owns approximately forty-seven percent of the working interest for the well unit at issue. As such, Hilcorp alleges that it is entitled to a percentage of the oil production revenues and that its right to those revenues is secured by a privilege. Merritt disputes Hilcorp's claim of an ownership interest in the well, and asserts that even if Hilcorp had an interest in the oil production revenues, Hilcorp's share of the production costs would need to be deducted from the revenues.

When Merritt refused to pay Hilcorp a share of the oil production revenues, Hilcorp filed suit seeking to share in the revenues in proportion to its share of ownership interest in the well. Hilcorp also filed a Non-Operator Privilege in the mortgage records. After Hilcorp filed its statement of privilege, Plains stopped paying Merritt the purchase price for the oil production derived from the well at issue. While Plains has continued to pay twenty-four percent of the oil revenues directly to the mineral lessors involved, the remaining seventy-six percent of the revenues, which is attributable to the working interest, is being held in suspense by Plains. The current total for the amount being held in suspense is $1,351,361.54.

Merritt filed a motion for summary judgment seeking cancellation of Hilcorp's lien and privilege. On October 19, 2012, the trial court signed a partial

final judgment granting Merritt's motion for summary judgment, dismissing Hilcorp's claim of privilege, and ordering the cancellation of Hilcorp's statements of privileges and notices of lis pendens filed in the public records of St. Martin and Assumption Parishes. The trial court designated the judgment immediately appealable pursuant to La.Code Civ.P. art. 1915(B). The notice of judgment was mailed on October 25, 2013. Thereafter, Hilcorp petitioned the trial court for a suspensive appeal without the requirement of a suspensive appeal bond. The trial court granted the suspensive appeal without requiring a bond.

At this time, Merritt has filed the instant motion seeking to have this court dismiss the unlodged suspensive appeal for failure to post a suspensive appeal bond. Alternatively, Merritt seeks to have this court convert the appeal into a devolutive appeal. Merritt contends that Hilcorp failed to post security for a suspensive appeal within the delays set forth in La.Code Civ.P. art. 2123. Merritt notes that pursuant to Article 2123, the bond for a suspensive appeal must be filed within the 30-day delay for taking a suspensive appeal. Merritt asserts that since the notice of judgment was mailed on October 25, 2012 and no motion for new trial was filed, the delay for taking a suspensive appeal and for posting security expired on December 5, 2012, thirty days after the expiration of the expiration of the seven-day delay for applying for a new trial. However, Merritt contends that Hilcorp did not ask the trial court to fix an appeal bond and did not post a bond. Merritt notes that Hilcorp did not pay the appeal costs until December 12, 2012. Thus, Merritt asserts that even if the payment of appeal costs could constitute security for a suspensive appeal, Hilcorp did not submit the appeal costs to the trial court within the delay set forth in La.Code Civ.P. art. 2123.

2

With regard to the furnishing of security for a suspensive appeal, La.Code Civ.P. art. 2124(B), provides, in pertinent part, as follows:

> B. The security to be furnished for a suspensive appeal is determined in accordance with the following rules:
>     (1) When the judgment is for a sum of money, the amount of the security shall be equal to the amount of the judgment, including the interest allowed by the judgment to the date the security is furnished, exclusive of the costs.
> . . . .
>     (2) When the judgment distributes a fund in custodia legis, only security sufficient to secure the payment of costs is required.
>     (3) In all other cases, the security shall be fixed by the trial court at an amount sufficient to assure the satisfaction of the judgment, together with damages for the delay resulting from the suspension of the execution.

In its opposition to Merritt's motion to dismiss the appeal, Hilcorp takes the position that no appeal bond is required because this case is governed by La.Code Civ.P. art. 2124(B)(2). Hilcorp argues that because the judgment being appealed does not require any performance or delivery of property by Hilcorp, no security is required other than the amount that the trial court determines is enough to secure the payment of the appeal costs. Hilcorp contends that the appeal costs were paid one day after the estimated costs were provided to Hilcorp. Hilcorp asserts that it could not have paid the costs any sooner because the costs were unknown. Also, Hilcorp contends that the costs were paid in accordance with the procedure set forth in La.Code Civ.P. art. 2126, which requires that the appeal costs be paid within twenty days of the mailing of the notice of the estimated appeal costs. Hilcorp notes that the trial court granted Hilcorp's suspensive appeal without requiring a bond. Thus, Hilcorp maintains that it simply relied on the trial court's determination that no separate bond or security was required under La.Code Civ.P.

art. 2124(B)(2). As such, Hilcorp asserts that its suspensive appeal should not be dismissed for nonpayment of an appeal bond.

On the other hand, Merritt argues that Hilcorp is not entitled to a suspensive appeal with only the furnishing of security for costs. Merritt notes that La.Code Civ.P. art. 2124(B)(2) permits the filing of a suspensive appeal with only enough security sufficient to cover the appeal costs in a situation in which the judgment being appealed "distributes a fund in custodia legis." However, Merritt argues that the judgment at issue in this case does not distribute funds "in custodia legis." In that regard, Merritt notes that "in cusodia legis" means in the care or custody of the court. Merritt points out that the October 19, 2012, judgment dismisses Hilcorp's claim of privilege and cancels the privilege and notices of lis pendens filed in the public records. Merritt maintains that the judgment does not distribute funds that are in the custody of the court because no funds are being held by the court and because the judgment does not distribute the funds held by Plains, which is not even a party in this case. Merritt contends that even if the funds had been deposited into the registry of the court, Hilcorp would have still have had to furnish timely security for the payment of costs pursuant to La.Code Civ.P. art. 2124(B)(2). Merritt asserts that the security required by Article 2124(B)(2) should be paid in addition to the estimated appeal costs required by La.Code Civ.P. art. 2126. Further, Merritt argues that even if Hilcorp were correct in its assertion that the payment of estimated appeal costs constitutes both the security required by Article 2124(B)(2) and the payment of costs required by Article 2126, Hilcorp's payment was not made within the delay required for a suspensive appeal.

Merritt also argues that Hilcorp is incorrect in its assertion that the failure to post a bond is imputable to the trial court. Rather, Merritt contends that the error

in not setting a suspensive appeal bond is imputable to Hilcorp, who, as the appellant, is responsible for filing the motion for appeal and supplying security within the deadlines provided by statute. In that regard, Merritt notes that Hilcorp presented the trial court with an order which permitted Hilcorp to take a suspensive appeal without the requirement of an appeal bond.

Merritt contends that the effect of the suspension of the October 17, 2012, judgment is that while the appeal is pending, Merritt would not receive the more than $1,300,000.00 worth of oil production revenues being held by Plains. As such, Merritt contends that should Plans become insolvent while the appeal is pending, Plains could lose the full amount. Merritt also contends that the suspension of the judgment being appealed means that Merritt will have to continue pay for the production expenses for the well without receiving any revenues during the duration of the appeal. Therefore, Merritt asserts that Hilcorp should have been required to post a suspensive appeal bond.

This court has stated the following,

> Louisiana Code of Civil Procedure Art. 2123 requires that in order to perfect a suspensive appeal, the order of appeal must be granted and the suspensive appeal bond must be posted no later than thirty days from either the expiration of the delays for seeking a new trial or from the notice of denial of the motion for new trial.

*Guillory v. Allied Waste Services, Inc.*, 10-159 (La.App. 3 Cir. 3/3/10), 32 So.3d 1024, 1025.

In the instant case, we note that Hilcorp seeks to appeal the trial court's judgment dismissing Hilcorp's claim of privilege and ordering the cancellation of Hilcorp's privilege from the public records. However, no appeal bond was posted within the time delay set forth in La.Code Civ.P. art. 2123. Louisiana Code of

5

Civil Procedure Article 2124(B) lists three separate provisions for the posting of security for a suspensive appeal, depending on the nature of the judgment being appealed. We find that the provision set forth in La.Code Civ.P. art. 2124(B)(1) is not applicable to the instant case because the judgment appealed does not award any money. We also find that the provision set forth in La.Code Civ.P. art. 2124(B)(2) is not applicable to this case because the judgment does not involve the distribution of any funds being held in the custody of the trial court. As such, we find that the furnishing of security for Hilcorp's appeal is governed by La.Code Civ.P. art. 2124(B)(3), which provides that "[i]n all other cases, the security shall be fixed by the trial court at an amount sufficient to assure the satisfaction of the judgment, together with damages for the delay resulting from the suspension of the execution." In the instant case, Hilcorp petitioned the court for a suspensive appeal without the requirement of an appeal bond. So, no bond was posted in accordance with La.Code Civ.P. art. 2124(B). As such, we find that the suspensive appeal was not perfected within the time delays permitted by La.Code Civ.P. art. 2123.

We note that La.Code Civ.P. art. 2161, in pertinent part, states that "[a]n appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant." Inasmuch as it is the responsibility of the appellant to obtain an order of appeal and to timely post an appeal bond, we find no merit in Hilcorps's argument that the failure to post an appeal bond is not imputable to Hilcorp simply because the trial court signed the order permitting a suspensive appeal without the requirement of a bond. We note that this is not a situation in which the appellant asked the trial court to set a suspensive appeal bond and the trial court declined to do so. *See, e.g., Magnolia Petroleum Co. v. Marks*, 223 La. 662, 66 So.2d 585, 587 (La.1953). Rather, in the instant case,

Hilcorp (the appellant), presented the trial court with a suspensive appeal order without the requirement of an appeal bond. Therefore, we find that the failure to timely post a suspensive appeal bond is imputable to Hilcorp.

For the foregoing reasons, we hereby grant the instant motion to dismiss the suspensive appeal and maintain the appeal as devolutive.

**SUSPENSIVE APPEAL DISMISSED.**
**APPEAL MAINTAINED AS DEVOLUTIVE.**


THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.